MARIE BURKLE ET AL. *v*. CAR AND
TRUCK LEASING COMPANY, INC.
(2339)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued October 11—decision released December 6, 1983

*Bruce W. Thompson,* for the appellant (intervening plaintiff).

*Barry P. Beletsky,* with whom, on the brief, was *Harold C. Donegan,* for the appellee (defendant).

HULL, J. The sole issue of law raised by this case is whether the defendant lessor was entitled to be held harmless and indemnified by the lessee under the lease provision for its own delict in furnishing a defective motor vehicle.

The plaintiff brought suit for damages for personal injuries sustained while operating an allegedly defective motor vehicle leased by her employer from the defendant. The plaintiff's employer, Shoreline Association for the Retarded and Handicapped, Inc., intervened to secure reimbursement for money payable to the plaintiff under the Workers' Compensation Act. The defendant counterclaimed against the intervening plaintiff for indemnification for any such sums it might be required to pay under Paragraph VI (e) of the lease.

The plaintiff's complaint alleges negligence, products liability and breach of warranty wherein she claims that on August 4, 1978, she was involved in a one-car accident while driving a motor vehicle owned by the defendant. The plaintiff alleges that the defendant had recently repaired the brakes and returned the vehicle to the plaintiff's employer, warranting that the brakes were repaired and in good working order.

The parties agreed in oral argument before the trial court, solely for the purpose of testing the legal effect of the hold harmless and indemnification provisions of the lease, that the vehicle involved in the accident was in a defective condition at the time the vehicle was leased and that the lease represented the agreement of the parties. The court rendered a summary judgment in favor of the defendant and found the intervening plaintiff liable under the lease, from which judgment the intervening plaintiff appeals.[1]

Paragraph VI (e) of the lease provides that the "[l]essee agrees to indemnify and hold [l]essor harmless from *any and all liability,* loss, costs, damages and expenses including reasonable attorneys' fees caused by or arising from ownership, use, operation . . . of one or more automobiles leased hereunder." (Emphasis added.)

A very similar contractual provision was construed by the Appellate Session of the Superior Court in *Laudano* v. *General Motors Corporation,* 34 Conn. Sup. 684, 688, 388 A.2d 842 (1977), to require indemnification for the indemnitee's own negligence as follows: " 'An intention to indemnify one against his own negligence must be expressed in clear and unequivocal language.' *United Aircraft Corporation* v. *David H. Mackenzie, Inc.,* 196 F. Sup. 933, 935 (D. Conn. [1961]); see *United States* v. *Seckinger,* 397 U.S. 203 [90 S. Ct. 880, 25 L. Ed. 2d 224 (1970)]. The language of the contract provision in this case clearly unqualifiedly, and unequivocally states that the 'Seller agrees to *indemnify* and protect Buyer *against all liabilities,* claims or demands . . . growing out of the performance of this contract. . . .' (Emphasis added.) There cannot be any broader classification than the word 'all'. *United States Steel Corporation* v. *Emerson-Comstock Co.,* 141

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

F. Sup. 143, 146 (N.D. Ill. [1956]). In 'its ordinary and natural meaning, the word 'all' leaves no room for exceptions.' *Jacksonville Terminal Co.* v. *Railway Express Agency, Inc.,* [296 F.2d 256, 261 (5th Cir. 1961), cert. denied, 369 U.S. 860, 82 S. Ct. 949, 8 L. Ed. 2d 18 (1962)]. The plain meaning of the words employed in the contract fairly includes a promise to indemnify even the negligent indemnitee. There is no reason why more should be required to establish the unmistakable intent of the parties." See also *Leonard Concrete Pipe Co.* v. *C. W. Blakeslee & Sons, Inc.,* 178 Conn. 594, 598–99, 424 A.2d 277 (1979).

The intervening plaintiff seeks to distinguish *Laudano* v. *General Motors Corporation,* 34 Conn. Sup. 684, 388 A.2d 842 (1977). It is claimed that the lease is ambiguous. "A court will not torture words to import ambiguity when the ordinary meaning leaves no room for ambiguity, and words do no become ambiguous simply because lawyers or laymen contend for different meanings." *Downs* v. *National Casualty Co.,* 146 Conn. 490, 494–95, 152 A.2d 316 (1959). The lease in the present case provided indemnification for "any and all liability," an even stronger and more inclusive provision than the "all liabilities" language upheld in *Laudano* v. *General Motors Corporation,* supra, 688.

The case of *Laudano* v. *General Motors Corporation,* supra, is on all fours with this case and is controlling. Any distinction is a distinction without a difference.

The intervening plaintiff also argues that the provision in question is void as against public policy in that it jeopardizes the safety of the public, citing General Statutes § 52-572k[2] as authority.

---

[2] General Statutes § 52-572k provides: "(a) Any covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of any building, structure of appurtenances thereto including moving, demolition and excavating connected therewith, that purports to

Rather than buttressing the argument of voidness on public policy grounds, the effect of this statute is just the opposite. The legislature, in specifically outlawing hold harmless agreements in the construction industry, showed an intention that such a practice not be deemed against public policy in other situations, for had the legislature intended to outlaw all such provisions as against public policy, it could have said so. See *Connecticut State Board of Labor Relations* v. *Board of Education,* 177 Conn. 68, 72, 411 A.2d 28 (1979); *Busko* v. *DeFilippo,* 162 Conn. 462, 471, 294 A.2d 510 (1972).

There is no error.

In this opinion the other judges concurred.

---

indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of such promisee, his agents or employees, is against public policy and void, provided this action shall not affect the validity of any insurance contract, workers' compensation agreement or other agreement issued by a licensed insurer.

"(b) The provisions of this section shall apply to convenants, promises, agreements or understandings entered into on or after the thirtieth day next succeeding October 1, 1977."