[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 13, 1990, Eric G. Larson, plaintiff (hereinafter "Larson"), an employee of Ray Allard, Inc., third party defendant (hereinafter "Allard"), filed a two count complaint against the Dahl Oil Company, defendant and third party plaintiff (hereinafter "Dahl") and John E. Paroza, defendant and third party plaintiff (hereinafter "Paroza"). Larson is seeking to recover damages for injuries suffered while constructing a concrete wall for Dahl, in cooperation. with Paroza. The complaint alleges the following facts. CT Page 4968
At some time, on or prior to July 12, 1989, Allard entered into an agreement with Dahl to excavate soil and to build a retaining wall on Dahl's premises. Allard also entered into an agreement with Paroza, for Paroza to perform certain construction activities in the Dahl project. On July 12, 1989, Larson, in the employ of Allard, was working in a ditch excavated by Paroza. While in the ditch, a stone wall standing by the excavation, collapsed upon Larson causing him to suffer serious bodily injury. The plaintiff alleges that his injuries were caused by the negligence of Dahl and Paroza.
On January 2, 1991, Dahl filed a motion to implead Allard, which was granted on February 21, 1991. On February 25, 1991, Dahl filed a cross complaint against Allard. On May 24, 1991, Paroza also filed a cross complaint against Allard.
On June 17, 1991, Allard filed a motion and supporting memorandum of law to strike Dahl's cross complaint. On July 30, 1991, Dahl filed an amended cross complaint against Allard. On July 31, 1991, Allard withdrew the motion to strike. On November 7, 1991, Paroza filed a revised cross complaint.
On December 26, 1991, Allard filed separate motions to strike the first and second counts of Dahl's amended cross complaint. These motions were accompanied by memorandums of law in support of motions to strike the first and second counts of Paroza's revised complaint. On December 30, 1991, Allard filed separate motions (without memorandums) to strike the first and second counts of Paroza's revised complaint. On March 2, 1992, Allard filed a supplemental memorandum of law (without enumerating to which motion it applies), stating that counsel was relying on the memorandums of law filed with the withdrawn motion to strike of June, 1991.
On February 13, 1992, Dahl objected to and filed a memorandum in opposition to the motion to strike the first count and withdrew the second and third counts of the amended cross complaint. On February 28, 1992, Paroza objected to and filed a memorandum opposing the motion to strike the first count of the revised cross complaint. Also, on the same day, Paroza withdrew the second count of the revised cross complaint.
Therefore, the only motions before the court concern the first count of Dahl's amended complaint and the first count of Paroza's revised complaint. These motions were argued at short calendar on March 2, 1992. Because the cross complaints and the motions to strike are essentially the same CT Page 4969 in all respects, the two remaining motions to strike will be dealt with together.
Larson is not a party in these motions.
DISCUSSION
The function of the motion to strike is to allow a party to contest the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In analyzing a motion to strike, the court is limited to the facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). The court construes the facts in the complaint most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,540 A.2d 1185 (1988). If the court finds the facts alleged in the pleading to support a cause of action or a defense, the motion to strike must be denied. Ferryman v. Groton, supra, 142. "Where the legal grounds for such a motion are dependant upon underlying facts not alleged in; the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial and the motion must be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
I. General Statutes Section 52-572k
In their cross complaints, Dahl and Paroza both allege that Dahl hired Allard to perform excavation and construction work and that Allard engaged the services of Paroza for assistance. Dahl and Paroza go on to claim that Allard's actions or inactions caused Larson's injuries. Furthermore, Dahl and Paroza allege that Allard breached its contracts by not fulfilling express or implied promises to exercise reasonable supervision or control over the work, exercise due care, perform reasonable and necessary safety measures or perform its duties in a reasonable and workmanlike manner. Therefore, Dahl and Paroza claim that they should be indemnified for any losses or damages incurred by the collapse of a stone wall.
In both motions to strike, Allard claims that the first count describes the type of indemnity contract ("hold harmless agreements") that are voided by General Statutes Section 52-572k. In opposing these motions, Dahl and Paroza argue that they are not seeking to enforce a hold harmless agreement, but Allard breached certain duties and that Section52-572k is inapplicable.
The relevant portion of General Statutes Section52-572k states: CT Page 4970
 [a]ny covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of any building, structure or appurtenances thereto including moving, demolition and excavating connected therewith, that purports to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons . . . resulting from the sole negligence of such promisee . . . is against public policy and void. . . .
(Emphasis added.)
The legislature in adopting Section 52-572k
"specifically outlaw[ed] hold harmless agreements in the construction industry. . . ." Burkle v. Car and Truck Leasing Company, Inc., 1 Conn. App. 54, 58, 467 A.2d 1255 (1982).
The Dahl and Paroza cross complaints do not allege a hold harmless agreement. Rather, Dahl and Paroza have alleged that Allard has breached promises to perform its duties in a reasonable manner. No allegations have been made, that request indemnity for injuries caused by the sole negligence of either Dahl or Paroza. Also, it cannot be determined at this time if Dahl or Paroza is solely negligent.
Therefore, Section 52-572k is not applicable to the motions at hand.
II. Workers' Compensation Exclusive Remedy Bar
Allard argues further, in support of its motions, that Dahl's and Paroza's claim for indemnification are barred by the Workers' Compensation Act. In opposing the motions, Dahl and Paroza claim that the cross complaints are not barred because they are based on a legal relationship independent of employer-employee structure.
General Statutes Section 31-284 (a) states in part that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . ."
The supreme court has stated, however, that: CT Page 4971
 [when the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution or indemnification is ordinarily denied on the grounds that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as . . . a contractor's obligation to perform his work with due care. . . . (Emphasis added and footnote omitted.)
Ferryman v. Groton, supra, 144-145.
Dahl and Paroza have alleged a contractual relationship with Allard and that Dahl and Paroza may be entitled to indemnity if Allard failed to perform its contractual obligation with due care. Dahl and Paroza, have plead an independent legal basis from which they may seek indemnification.
Accordingly, Dahl's and Paroza's cross complaints are not barred by the exclusive remedy of the Workers' Compensation Act.
CONCLUSION
Dahl's and Paroza's cross complaints are not void as against public policy, under Section 52-572k, nor are they barred under the exclusive remedy clause (Section 31-284) of the Workers' Compensation Act. The cross complaints, plead a legally sufficient cause of action and, therefore, the motions to strike are denied. Additionally, even though Dahl and Paroza have not raised the issue and while the motions are addressed on their merits, the motions to strike could be denied, simply by the fact that the motions were not accompanied by appropriate memorandums of law as required under Practice Book Section 155.
For the foregoing reasons, the motions to strike are denied. CT Page 4972
HURLEY, J.