[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION OF DECISION ON MOTION TO STRIKE COUNTS ONE AND TWO OF THE SUBSTITUTE THIRD PARTY COMPLAINT
The facts alleged in the complaint are as follows. On September 14, 1989, the plaintiff's decedent, Jesus Rosario was employed as a forklift operator at J S Metal, Inc. On said date, Rosario was operating a forklift when it tipped over resulting in his death.
On September 19, 1991, the plaintiff, the administratrix of the estate of Jesus Rosario, filed a six-count complaint against the defendants, Lewis Boyle, Inc., Lec-Tric-Truc Service, Inc., and John Esposito. Thereafter, on August 25, 1992, the defendant, Lewis Boyle, Inc. [hereinafter the "third-party plaintiff"], filed a motion to implead J S Metals, Inc., and American Spring Wire Corp., which was granted by the court, Aurigemma, J., on September 8, 1992.
On September 25, 1992, the third-party plaintiff filed a two-count complaint against the third-party defendants, J S Metals, Inc., and American Spring Wire Corp. The first count, against J S Metals, Inc., seeks indemnification based upon active-passive negligence, and the second count is an indemnification claim as to American Spring Wire Corp.
On March 19, 1993, J S Metals, Inc., the decedent's employer, filed a motion to strike the first count on the ground that the action was barred by the exclusivity provisions of the Workers' Compensation Act, which was granted by the court, Walsh, J., on May 25, 1993. Thereafter, on August 8, 1993, the third-party plaintiff filed a substituted third-party complaint alleging the same claims.
On August 23, 1993, the third-party defendants filed a motion to strike both counts of the substituted third-party complaint on the grounds that (1) the first count is barred by the exclusivity provisions of the Workers' Compensation Act, and (2) American Spring Wire Corp., having acquired the assets of J S Metal, Inc., can bear no greater liability than J S Metals, Inc., which is immune from liability under the Workers' Compensation Act. The third-party defendants also filed a memorandum of law in support of their motion to strike. On September 9, 1993, the third-party plaintiff filed CT Page 11197 an objection to the third-party defendants' motion to strike along with a memorandum of law in support thereof.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Id., 108. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted. ) Liljedahl Bros. Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the pleading "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations of the pleading would not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
First Count
The third-party defendants move to strike the first count of the substituted third-party complaint on the ground that it is barred by the exclusivity provisions of the Workers' Compensation Act. Ordinarily, the Workers' Compensation Act provides the exclusive remedy against employers in "any action for damages on account of personal injury sustained by an employee . . . in the course of his employment." General Statutes 31-284 (a); Saporoso v. Aetna Life Casualty Co.,221 Conn. 356, 368, 603 A.2d 1160 (1992). However, a "`third party may recover over against the employer whenever it can be said that the employer breached an independent duty toward the third party and thus acquired an obligation to indemnify the third party.'" Thibeault v. Mark Industries,8 Conn. L. Rptr. 3, 4 (November 27, 1992, Dunn, J.), quoting 2A Larson, Workmen's Compensation Law 76.42; see also Ferryman v. Groton, 212 Conn. 138, 144-45, 561 A.2d 432 (1989). "`The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, CT Page 11198 or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care . . . .'" Shores v. Arthur Industries, Inc., 8 CSCR 266, 267
(February 10, 1993, Teller, J.), quoting Ferryman v. Groton, supra, 144-45.
In the present action, the third-party plaintiff has alleged that:
 10. The Periodic Maintenance Agreements between J S Metals, Inc. and the third party plaintiff provided, in part:
 IN NO EVENT WILL LEWIS BOYLE HAVE ANY OBLIGATIONS OR LIABILITY FOR DAMAGES, INCLUDING BUT NOT LIMITED TO CONSEQUENTIAL, SPECIAL OR INDIRECT DAMAGES, ARISING OUT OF OR IN CONNECTION WITH REPAIRS OR ADJUSTMENTS MADE, THE FAILURE TO MAKE THE SAME OR PARTS OR MATERIALS SUPPLIED.
 11. By virtue of the above-referenced language from the Periodic Maintenance Agreement, J S Metals, impliedly promised to indemnify Lewis Boyle from any obligations or liability for damages arising out of or in connection with Lewis Boyle's performance of service or repairs on J S Metals, Inc.'s forklifts.
(Emphasis added.) (Third-party Plaintiff's Substituted Third-party Complaint, Count One, 10, 11). However, a promise to indemnify one against his own negligence may not be found by implication but rather "must be expressed in clear and unequivocal language." (Citations omitted; internal quotation marks omitted.) Burkle v. Car Truck Leasing Co[.], 1 Conn. App. 54,56, 467 A.2d 1255 (1983); see also 42 C.J.S. 98, Indemnity 14 ("[A]n obligation of indemnitor to indemnify for another's own negligence will not be found by implication."). The disclaimer clause contained in the maintenance agreement does not impose an independent duty on J S Metals, Inc., to indemnify the third-party plaintiff.
The third-party plaintiff further alleges that an implied CT Page 11199 promise of indemnification arose from J S Metals, Inc.'s purchase of a forklift safety training kit from the third-party plaintiff. Specifically, the third-party plaintiff asserts that when J S Metals, Inc., purchased the forklift safety training kit they impliedly promised to follow the recommendations contained therein and to indemnify the third-party plaintiff for any injuries resulting from J S Metals, Inc.'s failure to follow such recommendations.
"An implied contract depends upon the existence of an actual agreement between the parties." Christensen v. Bic Corporation, 18 Conn. App. 451, 454, 558 A.2d 273 (1989), citing Coelho v. Posi-Seal International, Inc., 208 Conn. 106,111, 544 A.2d 170 (1988). Facts sufficient to show an implied contract must include allegations "that [J S Metals] `agreed either by words or action or conduct, to undertake any form of actual contract commitment' to the [third-party] plaintiff." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 211 n. 2, 520 A.2d 217 (1987), quoting Therrien v. Safeguard Manufacturing Company, 180 Conn. 91, 94,429 A.2d 808 (1980).
In the first count, the third-party plaintiff alleges that J S Metals, Inc., "agreed by words, action and/or conduct to indemnify the third party plaintiff for damages or liability arising out of or in connection with J S Metals, Inc[.]'s failure to comply with information contained in the forklift safety training kit." (Third-party Plaintiff's Substituted Third-party Complaint, Count One, 19). The third-party plaintiff must plead facts from which the conclusion can be drawn that J S Metals, Inc., agreed to indemnify the third-party plaintiff for failure to comply with the information contained in the forklift safety training kit. While facts alleged are deemed admitted on a motion to strike, "legal conclusions or opinions . . . are not deemed admitted, but rather must flow from the subordinate facts provided." County Federal Savings Loan Assn. v. Eastern Associates,3 Conn. App. 582, 586, 491 A.2d 401 (1985), citing McAdam v. Sheldon, 153 Conn. 278, 283, 216 A.2d 193 (1965); see also 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.), 116C. An allegation that J S Metals, Inc., agreed by words, action and/or conduct to indemnify the third-party plaintiff, without more, is legally insufficient.
The third-party plaintiff alleges that J S Metals, CT Page 11200 Inc., purchased a forklift safety training kit from the third-party plaintiff, J S Metals, Inc., edited the forklift safety training kit and failed to comply with the information contained in the forklift safety training kit, and the third-party plaintiff had reason to expect that J S Metals, Inc., would comply with the contents of the forklift safety training kit. (Third-party Plaintiff's Substituted Third-party Complaint, Count One, 14-18). However, such allegations do not support the third-party plaintiff's claim that J S Metals, Inc., agreed to indemnify the third-party plaintiff.
In support of its argument that it has sufficiently alleged an implied contract of indemnification, the third-party plaintiff relies on Roy v. Star Chopper Company, Inc.,442 F. Sup. 1010 (D. R.I. 1977). However, Roy v. Star Chopper Company, Inc., supra, does not stand for the proposition that the mere receipt of a safety training kit gives rise to an implied promise of indemnity. In Roy v. Star Chopper Company, Inc., supra, the court held that the fact that the employer "undertook sole responsibility for the design and assembly of the machine and expressly undertook sole responsibility for the addition of safety devices"; id., 1020; "distinguish the relationship of the parties from a typical manufacturer/purchaser relationship and together suggest an implied contract to indemnify." (Emphasis added.) Id. Therefore, Roy v. Star Chopper Company, Inc. does not support the third-party plaintiff's argument that it has sufficiently alleged an implied contract of indemnification.
Furthermore, under Connecticut law, "[t]he receipt of instructions with regard to the safe use of a product is not per se tantamount to a promise to indemnify." Therrien v. Safeguard Manufacturing Company, 180 Conn. 91, 95,429 A.2d 808 (1980). The plaintiff must allege an implied contract of indemnification. Id., 94-95. As stated previously, the third-party plaintiff has not sufficiently alleged an implied contract of indemnification.
In summary, the court finds that the disclaimer clause contained in the maintenance agreement does not impose an independent duty on J S Metals, Inc., to indemnify the third-party plaintiff and that the third-party plaintiff has failed to plead sufficient facts from which the conclusion can be drawn that J S Metals, Inc., agreed to indemnify the third-party plaintiff for failure to comply with the CT Page 11201 information contained in the forklift safety training kit. Accordingly, we concluded that J S Metals, Inc., is immune from liability. The third-party defendants' motion to strike the first count of the third-party complaint is granted.
Second Count
The third-party defendants argue that since American Spring Wire Corporation, having acquired the assets of J S Metals, Inc., can bear no greater liability than J S Metals, Inc., and J S Metals, Inc., is immune from liability under the Workers' Compensation Act, the second count is legally insufficient. The liability of a successor corporation "is for such debts, obligations and liabilities of the [predecessor] corporation as existed at the date of the consolidation or merger without enlargement, diminution, or modification." 19 C.J.S. 469, Corporations 810. "Thus, a successor corporation is made to stand in the shoes of its predecessor . . . ." Id., 470. Since J S Metals, Inc., is immune from liability under the Workers' Compensation Act, American Spring Wire Corporation, whose liability is derivative of J S Metals, Inc.'s liability, is also immune from liability. Accordingly, the third-party defendants' motion to strike the second count is granted.
Mary R. Hennessey, Judge