[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 10, 1994, the plaintiff, Edward Nadler, petitioned the court for an appointment of a temporary receiver for the partnership of Ed-Mart Realty. The plaintiff alleges that he dissolved the partnership on December 15, 1993, by sending a letter to his only partner, the defendant, Martin Goldberg. The letter stated that, "the partnership was hereby dissolved." The plaintiff submitted several exhibits including the letter.
On January 18, 1994, the following facts were stipulated to by the parties in court. The defendant and the plaintiff each own 50% of the partnership. The sole asset of the partnership is real estate located at 715 Orange Avenue, West Haven, Connecticut. The defendant is the sole tenant of the property and has not paid rent to the partnership since April, 1993. The defendant has made periodic tax payments to the city, but the obligation is not current. The defendant has also made payments on a first mortgage. The plaintiff holds subsequent mortgages and or promissory notes on the partnership property that have not been paid.
 There are two pending cases involving [the defendant] and his corporation and the plaintiff and those cases are a Summary Process Case which is pending in the GA in New Haven with the docket number SPNH 35817 as well as a Foreclosure Action instituted by Mr. Nadler and is pending in this Court and that docket number is 93-035-2091.
(Defendant's Exhibit 1, transcript of the oral stipulation).
On January 31, 1994, the plaintiff filed an amended petition for the appointment of a temporary receiver and a memorandum of law. In the amended petition the plaintiff alleges that there was a partnership agreement, dated March 30, 1984 ("1984 Agreement"). The plaintiff alleges further that that agreement was subsequently "revoked pursuant to paragraph 10 of an agreement entitled `Buy-Sell Agreement,'" dated May 20, 1988 ("1988 Agreement"). CT Page 3979
On February 8, 1994, the defendant filed a memorandum of law in opposition to the petition for the appointment of a temporary receiver with four exhibits. The defendant argues that the 1988 Agreement was an addendum not a revocation of the 1984 Agreement. Further, the defendant argues that the partnership was not dissolved and the petition for the appointment of a receiver is premature.
A. Which Agreement Controls
Paragraph ten of the 1988 Agreement states: "All prior Partnership Agreement [sic] between the parties hereto are hereby revoked." "In `its ordinary and natural meaning, the word `all' leaves no room for exceptions.'" Burkle v. Car Truck Leasing Co.,1 Conn. App. 54, 57, 467 A.2d 1255 (1983). "There is no reason why more should be required to establish the unmistakable intent of the parties." Id. "A court will not torture words to import ambiguity, and words do not become ambiguous simply because lawyers or layman contend for different meanings." Id. Therefore, this court concludes that the 1988 Agreement revoked the 1984 Agreement and controls the terms of dissolution.
B. Dissolution of the Partnership
Paragraph 6 of the 1988 Agreement which is entitled "Termination of the Agreement", states: (a) This agreement shall terminate on (1) written agreement of all Partners; or (2) the dissolution, bankruptcy or insolvency of the Partnership or either Partner. "In interpreting contract terms, [the court has] repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." Barnard v. Barnard, 214 Conn. 99, 110, 570 A.2d 690 (1990). "In absence of a special meaning, the words used must be taken in their ordinary and popular sense." Slifkin v. Condec Corporation, 13 Conn. App. 538,545, 538 A.2d 231 (1988). A "fair and reasonable construction" of clause (2) of paragraph 6, allows for a dissolution of the partnership by either partner; thus, the letter sent from the plaintiff to the defendant is sufficient to dissolve the partnership pursuant to the agreement.
Even if this court found to the contrary, the plaintiff's CT Page 3980 position finds support in the Uniform Partnership Act, General Statutes 34-39 et seq. General Statutes 34-69(1) provides that dissolution is effected "[w]ithout violation of the agreement between the partners . . . by the express will of any partner when no definite term or particular undertaking is specified. . . ." Therefore, pursuant to statute, as well, the letter sent from the plaintiff to the defendant is sufficient to dissolve the partnership.
C. Appointment of the Receiver
 "The application for a receiver is addressed to the sound legal discretion of the court, to be exercised with due regard to the relevant statutes and rules. . . ." Chatfield Co. v. Coffey Laundries, Inc., 111 Conn. 497, 501
(1930). Section 52-509 of the General Statutes authorizes the court to appoint a receiver "when a partnership is dissolved and the partners cannot agree upon the disposition of the partnership property and the settlement of the affairs of the partnership. . . ."
Dawn v. Gardella, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 285558 (October 23, 1991, Thim, J.). The court finds it appropriate in this case to appoint as receiver, Attorney Arthur Klein of Westport, Connecticut, who shall serve without bond, there appearing no objection to same.
Robert A. Martin, Judge