[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' APRIL 8, 1997 MOTION FOR CLARIFICATION
The Court has reviewed the authorizations plaintiff has submitted as recently as March 11, 1998 and determines that they do not fully meet defendants' entitlement.
As currently composed, said authorizations would leave to a treater the sole power to determine proximate cause. ["records . . . relating to car accident of March 18, 1990., etc.] These determinations are for the trier of fact, possibly to be aided by treater's opinions. However, defendants are not to be hamstrung in cross-examination of a treater's opinion on causation by plaintiff withholding other medical findings or complaints of the patient from defendant. CT Page 10239
Considering the public policy issue first, the Connecticut cases which hold that an indemnity provision which purports to indemnify the indemnitee against his own negligence is void as against public policy are limited to those which have been made void by statute, § 52-572k, and to common carriers, neither of which applies here.
The validity and enforceability of the contractual indemnity provision involved in this case is controlled by Burkle v. Carand Truck Leasing Co., 1 Conn. App. 54, 56 (1983) in which the Appellate Court stated that "an intention to indemnify one against his own negligence must be expressed in clear and unequivocal language". An examination of the agreement in question reveals that paragraph 7 requires the customer to indemnify the defendant "for any injury loss, damage, expense . . . . arising out of any claims or suits . . . . whetheror not such injuries, damages, or other tort are attributable to the negligence of Parkwood, (defendant's AKA) its officers, agents or employees. (Emphasis and parenthesis added).
The court finds this language to be clear and unequivocal. As in Burkle, it applies to any injury attributable to defendant's negligence. While the court finds the public policy argument compelling as did the court in Petraglia v. BenincasaConstruction, CV93 030 68 11 J. D. Fairfield at Bridgeport, August 18, 1997 (Skolnick, J.), this court feels constrained by theBurkle case. Apparently, the justification for the view expressed in the Burkle case is that persons in business have the right to allocate between them and their customers the risk and consequent cost of accidents which are apt to occur while they are engaged in their transaction. Norfolk and Western Railway Co. v. HardingTrading Co., Inc., 415 F. Sup. 507 (1976). In this court's judgment the legitimacy of shifting legal responsibility on such a "cost of doing business" basis is vastly outweighed by the tendency which such a policy would have to promote carelessness and irresponsibility by the indemnity. Unless and until Burkle is overruled or the legislature acts this court is not permitted the luxury to make that choice. The motion is denied including as toRoma Associates, Inc. whose status cannot be determined on this motion.
A. WILLIAM MOTTOLESE, JUDGE