[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Motion to Strike before the court has been filed by third-party defendants who signed a written contract with the named defendant, pursuant to which they held their wedding reception at the named defendant's facility.
The plaintiff claims to have fallen and suffered injuries on a stairway owned and controlled by the named defendants. These defendants have brought the wedding couple into the case by serving a third party complaint. Section 52-102a. Their motion to strike asserts that the third-party complaint fails to state a claim because the terms of the indemnity provision upon which the third-party plaintiffs rely is ambiguous and therefore unenforceable against them, and if not ambiguous in any event, is void as against public policy.
Considering the public policy issue first, the Connecticut cases which hold that an indemnity provision which purports to indemnify the indemnitee against his own negligence is void as against public policy are limited to those which have been made void by statute, § 52-572k, and to common carriers, neither of which applies here.
The validity and enforceability of the contractual indemnity provision involved in this case is controlled by Burkle v. Carand Truck Leasing Co., 1 Conn. App. 54, 56 (1983), in which the Appellate Court stated that "an intention to indemnify one against his own negligence must be expressed in clear and unequivocal language." An examination of the agreement in question reveals that paragraph 7 requires the customer to indemnify the defendant "for any injury, loss, damage, expense . . . arising out of any claims or suits . . . whether ornot such injuries, damages, or other tort are attributable to the negligence of Parkwood (defendant's AKA), its officers, agents or employees. (Emphasis and parenthesis added.)
The court finds this language to be clear and unequivocal. As in Burkle, it applies to any injury attributable to defendant's negligence. While the court finds the public policy argument compelling as did the court in Petraglia v. BenincasaConstruction, CV93 030 68 11 J. D. Fairfield at Bridgeport, August 18, 1997, 20 CONN. L. RPTR. 316 (Skolnick, J.), this court CT Page 1988 feels constrained by the Burkle case. Apparently, the justification for the view expressed in the Burkle case is that persons in business have the right to allocate between them and their customers the risk and consequent cost of accidents which are apt to occur while they are engaged in their transaction.Norfolk and Western Railway Co. v. Harding Trading Co., Inc.,415 F. Sup. 507 (1976). In this court's judgment the legitimacy of shifting legal responsibility on such a "cost of doing, business" basis is vastly outweighed by the tendency which such a policy would have to promote carelessness and irresponsibility by the indemnity. Unless and until Burkle is overruled or the legislature acts this court is not permitted the luxury to make that choice. The motion is denied including as to RomaAssociates, Inc. whose status cannot be determined on this motion.
MOTTOLESE, J.