[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT #125 AND #126
The plaintiff in this action have sued the City of Bristol and Alferio Patrizi, its employee essentially alleging that the negligence of Patrizi, acting on behalf of the City caused damage to the plaintiffs. The employer of the plaintiff Alphonse Colombo that being H. Krevit 
Company has filed an intervening complaint seeking reimbursement from the defendants for sums paid to Colombo for worker's compensation.
The City of Bristol has filed a counterclaim against Krevit seeking indemnification for any sums which it may be required to pay to the plaintiffs including the cost of defending this action. The counterclaim is based upon indemnification language which is included in a contract between the City and Krevit, the performance of which was the basis of Colombo's activity when he allegedly sustained the injuries complained of.
Both the City of Bristol and Krevit have moved for summary judgment based upon the indemnification clause in the contract between them which forms the basis of the counterclaim.
The language in question is as follows:
 The Bidder, in contracting for goods, services, materials, labor and the like with the City of Bristol and its respective officers, agents and servants, does hereby agree that the bidder will indemnify and save harmless the City of Bristol, its respective officers, agents and servants from and against any and all claims, damages, losses, litigation expenses, counsel fees and compensation arising out of any injuries (including death) sustained by, or alleged to have been sustained by, the servants, employees or agents of the City of Bristol, or of the bidder or of any participant or spectator, and from injuries (including death) sustained by, or alleged to have been sustained by, the public or any persons on or near the site, or on any other person or damage to property, real or personal, including property of the City of Bristol and their respective officers, agents and servants, caused in whole or in part by the acts or omission of the bidder or any participant or spectator or anyone directly or indirectly employed or working for the bidder while engaged in the activity in the City of Bristol.
It is the claim of Krevit, that since the above language provides that CT Page 3401 Krevit must indemnify the City only for the negligence of Krevit or its employees, there is no scenario in which indemnification would come into play since the allegations of the complaint allege negligence only against the City through its employee, Patrizi. The City on the other hand, claims that the indemnification language in question does provide that Krevit must indemnify the City for the City's own negligence under the circumstances of this case.
The City relies in large part on Laudano v. General MotorsCorporation, 34 Conn. Sup. 684 (1977) in which the court held that an agreement that required the indemnitor to hold the indemnitee harmless "against all liabilities, claims or demands . . . growing out of the performance of this contract . . ." was broad enough to require that the indemnitor hold the indeminitee harmless for the latter's own negligence.
It is axiomatic that contract language to the extent that it may be subject to interpretation, must be construed against the party who drew the contract. In this case that party is the City. "An intention to indemnify one against his own negligence must be expressed in clear and unequivocal language." Burkle v. Car Truck Leasing, Co., 1 Conn. App. 54,56 (1983).
The language in this case requires Krevit to hold the City harmless "against any and all claims, damages, losses, litigation expenses, counsel fees and compensation arising out of any injuries . . . caused in whole or in part by the acts or omission of the bidder . . . or anyone directly or indirectly employed or working for the bidder."
Thus, the language in this case is not like that in Laudano as it requires some act or omission on that party of Krevit in order to trigger the indemnification requirement. Nor does the language of the hold harmless require that Krevit hold the City harmless for the City's own negligence.
Thus, since the indemnity language in question does not require that Krevit indemnify the City for its own negligence, and the only claims in the complaint relate to negligence on the part of the City, there cannot be a scenario where the hold harmless would come into play. Therefore, the court agrees with Krevit that it cannot be required to indemnify the City with respect to any sums which the City may be required to pay to the plaintiffs for bodily injury or loss of consortium.
The City argues however, that the indemnification language also includes reimbursement for costs of defense. Specifically the language in question requires Krevit to "indemnify and save harmless the City of CT Page 3402 Bristol . . . against any and all . . . litigation expenses, counsel fees . . . arising out of any injuries . . . sustained by, or alleged to have been sustained by, the servants, employers or agents . . . of the bidder . . . caused in whole or in part by the acts or omission of the bidder . . . or anyone . . . working for the bidder while engaged in the activity in the City of Bristol."
Thus, there could be a situation where the plaintiffs in this case do not recover damages or their damages are reduced, due to comparative negligence on the party of the plaintiff, Alphonse Colombo. Thus, the City claims that such negligence on the part of Colombo would trigger that party of the hold harmless that requires Krevit to indemnify the City for costs of defense arising "in whole or in part" from an act or omission of an employee of the bidder.
It could of course be argued that the intent of the parties was that the indemnification for costs of defense would logically come into play only if Krevit were called upon to indemnify the City for any damages which might be required to pay to the plaintiffs, which for the reasons stated above, the court believes cannot occur in this case.
What the intent of the parties was in this regard is not appropriately determined on a motion for summary judgment. Therefore, although the court agrees with Krevit that the whole harmless does not provide the City with indemnification for its own negligence and thus cannot apply to any recovery by the plaintiffs against the City, there does appear to be a question of fact as to whether the City may be entitled to claim indemnity for costs of defense depending upon the outcome of the initial action brought by the plaintiffs, thus precluding summary judgment.
As to the City's motions for summary judgment against Krevit, there clearly exists a question of fact.
Therefore, the motions for summary judgment of H. Krevit Company, Inc. against the City of Bristol, and of the City against Krevit are both denied.
Thompson, J.