[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On June 8, 1998, the plaintiff, B D Associates, Inc., filed a complaint against the defendant, Richard J. Russell, alleging negligence by the defendant in failing to secure property owned by the defendant and leased by the plaintiff after a fire that occurred on February 1, 1997. The alleged failure to secure resulted in subsequent damage by arson and vandalism from an unknown third party on February 19, 1997. The plaintiff claims damages for loss of business equipment, improvements made to the leased premises, and loss of business opportunities. The defendant answered the complaint on August 13, 1998, denying the material allegations and presenting special defenses that: (1) the plaintiff, or employees of the plaintiff, did not notify the fire department in a timely fashion, thereby exacerbating the losses suffered by the plaintiff; and (2) under the terms of the lease, the risk of loss was on the plaintiff for damages sustained due to fire.
The defendant filed a motion for summary judgment on June 19, 2000, on the ground that there are no questions of material fact, and the defendant is entitled to judgment as a matter of law because: (1) the risk of loss was on the plaintiff; and (2) the defendant is not liable for the criminal acts of a third party. The plaintiff filed an objection to the defendant's motion on March 7, 2001, arguing: (1) the defendant CT Page 8337 had a duty to secure the property; and (2) the question of risk of loss is for the jury to decide, because the intent of the parties is in question.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386.
The defendant argues in support of his motion that the lease between the parties contains a risk of loss provision that bars the plaintiff from suing the defendant for losses resulting from a fire. The plaintiff argues in response that there is a question of material fact as to whether this provision holds the defendant harmless for the defendant's own negligence.
Generally, "[a] contract is to be construed according to what is fairly to be assumed to be the understanding and intent of the parties." Downsv. National Casualty Co., 146 Conn. 490, 494, 152 A.2d 316 (1959). "The intention of the parties manifested by their words and acts is essential to determine whether a contract was entered into and what its terms were." (Internal quotation marks omitted.) Hydro-Hercules Corp. v. GaryExcavating, Inc., 166 Conn. 647, 652, 353 A.2d 714 (1974). "The court must interpret the . . . contract as a whole with all relevant provisions considered together." Schultz v. Hartford Fire Insurance Co.,213 Conn. 696, 705, 569 A.2d 1131 (1990). A contract is ambiguous "when it is reasonably susceptible to more than one reading." (Internal quotation marks omitted.) Metropolitan Life Ins. Co. v. Aetna Casualty Surety Co., 255 Conn. 295, 305, 765 A.2d 891 (2001). The court determines whether or not the contract is ambiguous. Id., 305-06.
"The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. . . . The circumstances surrounding the making of the contract, the purposes which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used. . . . It is axiomatic that a party is entitled to rely upon its written contract as the final integration of its rights and duties." (Citations omitted; internal quotation marks omitted.) Levine v. Massey, 232 Conn. 272, 279, 654 A.2d 737 (1995). "Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Internal quotation marks omitted.) Id. CT Page 8338
In the present case, there is no ambiguity in the lease. The general risk of loss provision in the lease states that "[i]t is expressly understood and agreed between the parties that all goods, wares, merchandise, equipment, furnishings, tools, machinery and every other property of any other nature whatsoever, stored, used, maintained or kept on the herein leased premises, will be stored, used, maintained and kept on or in said leased premises by said tenant, tenant's agents, servants, customers or by any other person or persons whatsoever solely at the risk of the tenant and/or to any of said person or classes of persons; andthere shall be no liability on the part of the landlord to said tenant and/or to any of said persons or classes of persons, or to anyone elsefor any damage or loss to any of the foregoing from any cause or for anyreason whatsoever." (Emphasis added.) "There cannot be any broader classification than the word `all'. . . . In its ordinary and natural meaning, the word `all' leaves no room for exceptions." (Citation omitted; internal quotation marks omitted.) Burkle v. Car Truck LeasingCo., Inc., 1 Conn. App. 54, 56, 467 A.2d 1255 (1983). The word "any" is defined as "the whole amount of; all." American Heritage Dictionary (2nd Ed. 1985). "Any" is synonymous with the word "all," thus there is no genuine issue of material fact as to who bears the risk of loss. Because the risk of loss falls on the plaintiff, not the defendant, under the plain meaning of the lease, the defendant's motion for summary judgment is granted.
By the Court,
Kevin E. Booth Judge of the Superior Court