■ MICHAEL C. OTTAVIANO, Plaintiff, v GENEX COOPERATIVE, INC., et al., Defendants. GENEX COOPERATIVE, INC., Third-Party Plaintiff-Respondent, v PRAXAIR, INC., Third-Party Defendant-Appellant. (Appeal No. 1.) [758 NYS2d 578] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered June 8, 2001, which, inter alia, granted third-party plaintiff's motion for summary judgment.

■ MICHAEL C. OTTAVIANO, Plaintiff, v GENEX COOPERATIVE, INC., et al., Defendants. GENEX COOPERATIVE, INC., Third-Party Plaintiff-Respondent, v PRAXAIR, INC., Third-Party Defendant-Appellant. (Appeal No. 2.) [758 NYS2d 753] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered July 24, 2002, which, inter alia, granted third-party defendant's motion to renew and upon renewal adhered to its prior decision granting third-party plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by providing that third-party defendant is not required to pay the fees, costs and expenses incurred by defendant-third-party plaintiff in establishing its right to indemnification and as modified the order is affirmed without costs.

Memorandum: Plaintiff, an employee of third-party defendant, Praxair, Inc. (Praxair), commenced this action to recover damages for injuries he sustained when a storage tank owned by defendant third-party plaintiff, Genex Cooperative, Inc. (Genex), ruptured. At the time of the accident, plaintiff was delivering liquid nitrogen to Genex on behalf of Praxair. Genex

commenced a third-party action against Praxair seeking contribution and common-law and contractual indemnification. Supreme Court properly granted the motion of Genex for summary judgment on its cause of action seeking contractual indemnification. The contract between Genex and Praxair's predecessor corporations, which is governed by Connecticut law, "is to be interpreted according to the intent expressed in its language" (*Levine v Massey*, 232 Conn 272, 278, 654 A2d 737, 740 [1995]). In the "Liability" section of the contract, Praxair agreed to indemnify and hold Genex harmless from any claims arising from injury to a Praxair employee engaged in any activity related to the liquid nitrogen supplied by Praxair under the contract, regardless of whether that injury "is claimed to have been caused by, resulted from, or was in any way connected with the negligence of" Genex. Thus, under the clear and unambiguous language of the contract, Praxair agreed to indemnify and hold Genex harmless from any liability, including liability for damages resulting from Genex's own negligence (*see Burkle v Car & Truck Leasing Co.*, 1 Conn App 54, 56-57, 467 A2d 1255, 1257 [1983]; *Laudano v General Motors Corp.*, 34 Conn Supp 684, 688-689, 388 A2d 842, 845 [1977]). We reject Praxair's contention that the parties did not intend the terms of the contract, which originally applied to Genex's facility in Ithaca, to extend to the facility in Enfield where the accident occurred. The contract expressly extends its terms and conditions to Genex's "expanded or new location(s)." We agree with Praxair, however, that the court erred in directing it to pay the fees, including attorney's fees, costs and expenses incurred by Genex in establishing its right to indemnification. "[I]n the absence of express contractual terms to the contrary, allowance of [attorney's] fees is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification" (*Burr v Lichtenheim*, 190 Conn 351, 363, 460 A2d 1290, 1296 [1983]; *see Gino's Pizza of E. Hartford v Kaplan*, 193 Conn 135, 140-141, 475 A2d 305, 308 [1984]). Here, the contract does not expressly permit recovery of attorney's fees, costs and expenses arising out of the enforcement of the right to indemnification. We therefore modify the order by providing that Praxair is not required to pay the fees, costs and expenses incurred by Genex in establishing its right to indemnification. Present—Pigott, Jr., P.J., Green, Pine, Burns and Gorski, JJ.