The trial court found the following facts: The third-party plaintiff, General Motors Corporation (hereinafter referred to as GMC), was in control of premises located in Bristol, Connecticut, where it was engaged in the manufacture of automobile parts and accessories. As part of its business, GMC received and shipped various parts and supplies from its premises in Bristol. The third-party defendant, the Boyle Equipment Company (hereinafter referred to as Boyle), was engaged in the business of selling and installing dock shelters. The purpose of a dock shelter is to provide shelter over a loading or docking area where trucks receiving or delivering goods load or unload.
On or about September 23, 1969, GMC and Boyle entered into a written contract wherein Boyle agreed to sell to GMC and install at its premises six dock shelters. On or about February 24, 1970, the plaintiff Patrick Laudano, an employee of Boyle, was on the premises of GMC and engaged in the installation of a dock shelter. While acting within the scope of his employment, Laudano was standing *Page 686 
on a ladder which was resting against an overhead door when the door was raised, causing Laudano to fall to the ground and sustain certain personal injuries.
Laudano brought an action in negligence against GMC. GMC thereafter impleaded Boyle, but Boyle did not appear to defend the lawsuit. The attorneys for GMC were able to negotiate a settlement of Laudano's claim in the sum of $4750. GMC made demand on Boyle for reimbursement and indemnification of the $4750 settlement together with attorneys' fees and costs. After a hearing the trial court found in favor of Boyle on GMC's third-party complaint for indemnification. GMC has appealed from that decision.
The contract between the parties contained the following indemnity provision: "If this order covers the performance of labor for Buyer [GMC], Seller [Boyle] agrees to indemnify and protect Buyer against all liabilities, claims or demands for injuries or damages to any person or property growing out of the performance of this contract by Seller, its servants, employees, agents or representatives." The trial court concluded that the language of this indemnity provision did not contain "that requisite degree of specificity which would entitle or compel the court to conclude that the third-party defendant, [t]he Boyle Equipment Company, intended to indemnify the third-party plaintiff, General Motors Corporation, for the latter's own negligence." GMC assigns error in that conclusion.
No court in this state has adopted what is apparently the majority rule[1] that an indemnity contract *Page 687 
must contain an express stipulation relieving the indemnitee from liability for loss resulting from his own negligence.[2] In recent cases the majority rule has been rejected as resting on an unsound foundation. Jacksonville Terminal Co. v. Railway Express Agency, Inc.,296 F.2d 256, 262 (5th Cir.), cert. denied, 369 U.S. 860. "In modern commerce, indemnity clauses are no longer so unusual as to require such specific mention of the indemnitee's conduct as being within the scope of the indemnifying obligation." Manson-Osberg Co. v. State, 552 P.2d 654, 659
(Alaska). Indemnity clauses in contracts entered into by businesses, particularly in construction contracts, should be viewed realistically as methods of allocating the cost of the risk of accidents apt to arise from the performance of the contract. See Buscaglia v. Owens-Corning Fiberglas,68 N.J. Super. 508, 512. The unambiguous language of an indemnity clause should be given effect as expressing the parties' intention.
A contract must be construed according to the intention of the parties. Ginsberg v. Mascia,149 Conn. 502, 505-506; Downs v. National Casualty Co.,146 Conn. 490, 494. "The intention of the parties is *Page 688 
to be ascertained from the language used in the contract and that language must be given its common meaning and usage where it can be sensibly applied to the subject matter of the contract. Anderson v. Pension Retirement Board, 167 Conn. 352,355 . . ., and cases cited therein." Scribner v. O'Brien, Inc., 169 Conn. 389, 398-99. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." Downs v. National Casualty Co., supra, 494-95.
"An intention to indemnify one against his own negligence must be expressed in clear and unequivocal language." United Aircraft Corporation v. David H. Mackenzie, Inc., 196 F. Sup. 933, 935
(D. Conn.); see United States v. Seckinger,397 U.S. 203. The language of the contract provision in this case clearly, unqualifiedly, and unequivocally states that the "Seller agrees to indemnify and protect Buyer against all liabilities, claims or demands . . . growing out of the performance of this contract . . . ." (Emphasis added.) There cannot be any broader classification than the word "all." United States Steel Corporation v. Emerson-Comstock Co., 14] F. Supp. 143, 146 (N.D. Ill.). In "its ordinary and natural meaning, the word `all' leaves no room for exceptions." Jacksonville Terminal Co. v. Railway Express Agency, Inc., supra, 261. The plain meaning of the words employed in the contract fairly includes a promise to indemnify even the negligent indemnitee. There is no reason why more should be required to establish the unmistakable intent of the parties. Levine v. Shell Oil Co., 28 N.Y.2d 205,212. See also Capozziello v. Brasileiro,443 F.2d 1155 (2d Cir.) (applying federal law); Robert 
Company Associates v. Pinkerton Laws Co.,120 Ga. App. 29; Fosson v. Ashland Oil Refining Co., *Page 689 309 S.W.2d 176 (Ky.); Jennings v. Ralston Purina Co.,201 So.2d 168 (La.App.); St. Paul Mercury Indemnity Co. v. Kopp, 70 Ohio L. Abs. 259 (App.).
By using the language that appears in the indemnity clause in this contract, Boyle agreed to indemnify and protect GMC against all liabilities, no matter how such liabilities were caused, provided that they grew out of the performance of the contract. Here, the trial court found that Laudano was injured while he was engaged in duties in connection with work to be performed under the contract. Accordingly, under our construction of the contract, GMC was entitled to indemnification for its settlement of Laudano's claim.
The trial court found that the settlement with Patrick Laudano for $4750 was a fair and reasonable settlement.
 There is error, the judgment is set aside and the case is remanded with direction to determine the amount of reasonable attorneys' fees and costs in the defense of the claim of Patrick Laudano and to render judgment in favor of the third-party plaintiff, GMC, against the third-party defendant, Boyle, for $4750 together with reasonable attorneys' fees and costs.
In this opinion PARSKEY and D. SHEA, Js., concurred.