HERBERT G. BURKERT ET AL. *v.* PETROL PLUS
OF NAUGATUCK, INC., ET AL.
(2987)

BORDEN, SPALLONE and DALY, Js.

Argued May 7—decision released September 17, 1985

*Robert B. Yules,* for the appellant (named defendant).

*John M. Gesmonde,* for the appellees (plaintiffs).

SPALLONE, J. This is an appeal by the defendant, Petrol Plus of Naugatuck, Inc., from an order granting the plaintiffs a prejudgment remedy in an amount which included past and future damages.

The plaintiffs, all of whom are engaged in the business of servicing, maintaining and repairing automobile transmissions, brought this action against the defendant Petrol Plus of Naugatuck, Inc., which supplied them with defective automatic transmission fluid, and the defendant Atlantic Coast Oil Company, which supplied the product to Petrol Plus of Naugatuck, Inc.[1] The plaintiffs purchased approximately 2200 gallons of the fluid and used it in approximately 1076 vehicles before being informed by the defendant that it was defective.[2] The plaintiffs seek damages in this action for losses sustained in the repair or replacement of automatic transmissions or parts thereof; for loss of goodwill; and for fraud. Subsequent to the commencement of the action, the plaintiffs applied for a prejudgment remedy in the amount of $350,000.

At the prejudgment remedy hearing, the plaintiffs presented evidence that they had repaired 546 of the 1076 vehicles in which the transmission fluid had been used. They also presented evidence of the projected cost

[1] For purposes of this opinion, Petrol Plus of Naugatuck, Inc., will be referred to as the defendant.

[2] By letter dated October 5, 1983, the defendant notified the plaintiffs that the transmission fluid did not meet product specifications and that the plaintiff should "take immediate and appropriate action with respect to [his] customers so that no avoidable damage is caused by [the] use of this automatic transmission fluid."

of repairing the outstanding vehicles. The court found that the total cost of the repairs which had already been made amounted to $115,777. The court also found that the plaintiffs had established approximately $118,000 in possible future expenses. It stated that "fifty percent of that one hundred and eighteen thousand dollars should be added to the sum that has actually been expended, which would make the total sum one hundred and seventy-five thousand dollars." The court granted a prejudgment remedy in favor of the plaintiffs in the amount of $175,000.

In appealing from that order, the defendant argues that the trial court erred (1) in relying upon a defective affidavit; (2) in admitting into evidence copies of business records which were not made within a reasonable time of the transactions which they purported to represent; (3) in considering future damages when setting the amount of the prejudgment remedy; and (4) in granting the prejudgment remedy in the absence of any evidence of the plaintiffs' actual damages.

Our examination of the record shows that the first issue which the defendant has raised, whether the court erred in accepting an allegedly defective affidavit, was not raised prior to this appeal. As an appellate court, we are not bound to consider claims of law not raised at trial, and no exceptional circumstances exist in this case which would now justify our consideration of this claim. Practice Book §§ 285A and 3063; *Sands* v. *Sands,* 188 Conn. 98, 106–107, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983); *Northeast Electrical Contractors* v. *Udolf,* 1 Conn. App. 169, 171, 469 A.2d 419 (1984). This claim, moreover, was not included in the defendant's preliminary statement of issues and, for that reason as well, will not be considered. Practice Book § 3063; *Verrastro* v. *Sivertsen,* 188 Conn. 213, 218, 438 A.2d 1344 (1982).

The second claim of error which the defendant has raised is that the trial court erred in admitting into evidence alleged business records of the plaintiff, Trans-Co. of CT., Inc., doing business as Aamco Transmissions, when those records were neither originals nor made within a reasonable time of the transactions which they purported to represent. The defendant argues, first, that the service order forms were prepared in anticipation of litigation and not in the regular course of business, and second, that the copies were not made at the time of the transaction or within a reasonable time thereafter.

Reproductions of original documents are admissible under the business records exception to the hearsay rule if the conditions set forth in General Statutes § 52-180 (a) are satisfied. The trial court may determine, within the exercise of its discretion, whether those criteria have been met. *Shuchman* v. *State Employees Retirement Commission,* 1 Conn. App. 454, 457–58, 472 A.2d 1290 (1984). In making this determination, the statute should be liberally interpreted. *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.,* 190 Conn. 371, 388, 461 A.2d 422 (1983); *Shuchman* v. *State Employees Retirement Commission,* supra.

The evidence which the defendant claims was erroneously admitted consisted of photocopies of service orders showing what repairs had been done to particular vehicles. Alan C. Bardwell, the owner and operator of Trans-Co. of CT., Inc., testified that his manager would fill out the service orders at the end of each day or at the end of two or three days. Depending on the manager's workload, the orders might be filled out up to a week and a half after the vehicles were brought in. Bardwell also testified that in the months preceding the hearing, the workload at his business had been heavier than usual because of the number of vehicles

brought in for repairs stemming from the defective transmission fluid. There was no testimony that the service orders were prepared, as the defendant claims, *several months* after the actual servicing of the vehicles nor was any evidence adduced that the documents were prepared in anticipation of litigation. Noting that the circumstances of the making of such records may be shown to affect their weight, but not their admissibility; General Statutes § 52-180 (b); we conclude that the trial court did not err in allowing the introduction of the records.

The third and fourth issues raised by the defendant challenge, more broadly, the basis on which the trial court granted the plaintiffs' prejudgment remedy.[3] In its third claim of error, the defendant argues that the trial court's inclusion of future damages in the determination of the amount of the attachment was based upon conjecture and speculation. Its fourth issue is that the plaintiffs presented *no* evidence as to their actual damages.

We find no error as to either claim. The trial court's role in acting upon a prejudgment remedy motion does not require "an authoritative determination of the merits of [the parties'] arguments and . . . evidence . . . ." *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393, 480 A.2d 561 (1984). The court need do no more than determine that there is probable cause to sustain the validity of the plaintiffs' claim. General Statutes § 52-278 (a); *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 176, 474 A.2d 795 (1984);

---

[3] We note that both parties, in their briefs, point out that subsequent to the prejudgment hearing, the defendant substituted a bond in lieu of the attachment. The record, however, is devoid of any reference to such bond, so we need not consider the ramifications of this action at this time. We do not resort to matters extraneous to the record. *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332 (1983); *Holmes* v. *Holmes,* 2 Conn. App. 380, 383, 478 A.2d 1046 (1984).

*L. Suzio Concrete Co.* v. *Salafia,* 3 Conn. App. 404, 406–407, 488 A.2d 1280 (1985). This court's role in reviewing a trial court's action upon such a motion is even further circumscribed. We can merely determine whether the trial court's decision was reasonable, and we will not upset that decision in the absence of clear error. *Three S. Development Co.* v. *Santore,* supra; *Babiarz* v. *Hartford Special, Inc.,* supra, 393–94.

In an application for a prejudgment remedy, "damages need not be established with precision but only on the basis of evidence yielding a fair and reasonable estimate. *Spera* v. *Audiotape Corporation,* 1 Conn. App. 629, 633, 474 A.2d 481 (1984)." *Babiarz* v. *Hartford Special, Inc.,* supra, 398. Facts must be presented which are "sufficient to enable the court to determine the probable amount of the damages involved. 7 C.J.S., Attachment, § 125 (b) (2). As a matter of general experience, a determination of a claim's probable validity normally will entail at least some consideration of the amount of damages which may be found upon a full trial." *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 585, 376 A.2d 60 (1977).

In this case, there was testimony that 1076 cars had been serviced with the defective transmission fluid. There was also testimony that between the date the plaintiffs sent out recall notices to the owners of those cars and the date of the prejudgment remedy hearing, 546 cars had been repaired because of problems caused by the defective fluid. There was also testimony as to the average cost of repairing each car. In arriving at its estimate of probable damages, the trial court included in its figure an amount equal to one half of the projected cost of repairing all of the outstanding vehicles. Since more than half of all of the vehicles serviced with the defective transmission fluid had been brought in for repairs by the date of the hearing, we do not view as unwarranted the trial court's estimate

that half of the *remaining* vehicles were *likely* to be repaired by the date of trial. We cannot conclude that the trial court's estimate of damages of $175,000 was clear error. See *McCahill* v. *Town & Country Associates, Ltd.,* 185 Conn. 37, 39, 440 A.2d 801 (1981).

There is no error.

In this opinion the other judges concurred.