[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT
On December 6, 1996, the plaintiff, Maryheart Crusaders, Inc., doing business as the Maryland Crusaders Book Store and Evangelization Center ("Maryheart Crusaders"), filed a revised complaint against the following named defendants: James M. Barry, Paul Breglio, and Silvio Breglio doing business as ICH Associates; ICH Associates; and Crest Mechanical Contractors 
Engineers, Inc. ("Crest Mechanical").
The present action arises out of an electrical fire that occurred on February 3, 1994, at the premises located at 5 Colony Street, Meriden, Connecticut. The plaintiff rented said premises from ICH Associates pursuant to a written lease agreement dated November 27, 1991. The plaintiff alleges that the fire was caused by electrical arcing resulting from improper installation of the HVAC unit by the defendants. The plaintiff further alleges that a fire alarm system installed and maintained by the defendants had been disconnected and thus rendered inoperative at the time of the fire, thereby causing a delay in fire fighting response. As a result of the fire, the plaintiff incurred substantial damage to its personal property and business operations including, but not limited to, inventory, equipment and profits.
In a three count revised complaint, the plaintiff sets forth the following causes of action: count one alleges negligence as against Barry, Paul Breglio, Silvio Breglio and ICH Associates; count two alleges breach of the lease agreement, directed at Barry, Paul Breglio, Silvio Breglio and ICH Associates; count three alleges negligence as against Crest Mechanical.
The defendants have filed a motion for summary judgment as to the first, second and third counts of the plaintiff's revised complaint, on the grounds that there exists no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. In support thereof, the defendants submitted a memorandum of law, as well as the following documents: an affidavit by Paul Breglio, a partner in ICH Associates; an affidavit by Paul Breglio, an employee and President of Crest CT Page 4146 Mechanical; job invoices from Crest Mechanical for work performed on the HVAC air-handling unit from December 28, 1993 through April 2, 1993; a copy of the lease agreement entered into by the plaintiff and ICH Associates dated November 27, 1991; and copies of relevant superior court decision.
In response, the plaintiff filed an opposing memorandum of law. In support thereof, the plaintiff provided an uncertified deposition transcript of Paul Breglio[1], an affidavit by John DiRoma, a tenant at 5-7 Colony Street; a report by the Meriden Fire Marshal, Raymond Alix; an affidavit by Louise D'Angelo, President of Maryheart Crusaders; and copies of relevant cases.
 Practice Book § 384 provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. . . . The facts as well as the evidence must be viewed in the light most favorable to the nonmoving party. . . . The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied.
(Brackets omitted; citations omitted; emphasis in original; internal quotation marks omitted.) Miller v. United Technologies,Corp., 233 Conn. 732, 751-52, 660 A.2d 810 (1995).
Counts One and Two
In their motion, the defendants assert, with respect to counts one and two of the revised complaint, alleging negligence and breach of the lease agreement, respectively, that the plaintiff, pursuant to paragraph 8 of the lease agreement[2], CT Page 4147 contractually agreed that ICH Associates, as landlord, would not be liable and would be held harmless for damages and expenses such as those incurred in the present action.
In response, the plaintiff maintains that the lease provision relied on by the defendants, does not absolve ICH Associates from liability for its own negligent acts. To do so, according to the plaintiff, requires that the contract provision explicitly state that ICH Associates would not be liable for its own negligence. The plaintiff further maintains that, at the time it entered into the lease agreement with ICH Associates, it did not intend, nor understand that, ICH Associates would be absolved from its own negligence.
"A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v.Weitz, 171 Conn. 545, 551, 370 A.2d 1066 (1976); see alsoThompson Peck, Inc. v. Harbor Marine Contracting Corporation,203 Conn. 123, 131, 523 A.2d 1266 (1987) ("[T]he determination of what the parties intended by their contractual commitments is a question of law."). "In construing a lease the controlling factor is the intent expressed in the lease, not the intent which the parties may have had or which the court believes they ought to have had." (Internal quotation marks omitted.) Robinson v. Weitz,supra; see also Barnard v. Barnard, 214 Conn. 99, 110,570 A.2d 690 (1990). "The lease must be construed as a whole and in such a manner as to give effect to every provision, if reasonably possible." (Brackets omitted; internal quotation marks omitted.)Robinson v. Weitz, supra.
As a general rule, ". . . agreements exempting parties from liability for their own negligence are not favored by the law and, if possible, are construed so as not to confer immunity from liability." Fedor v. Mauwehu Council, 21 Conn. Sup. 38, 39,143 A.2d 466 (1958); see also Parillo v. The Housing Authority of theCity of New Haven, 16 Conn. Sup. 106, 107, (1949). Nevertheless, exculpatory agreements ". . . may be valid in certain circumstances." Parillo v. The Housing Authority of theCity of New Haven, supra, 107. "Parties may not stipulate for protection against liability for negligence in the performance of a duty imposed by law or where the public interest requires performance." Id.
The issue of whether the defendants are entitled to be held harmless and indemnified by the plaintiff pursuant to an CT Page 4148 exculpatory clause contained in a lease agreement has been addressed. See, Laudano v. General Motors Corp.,34 Conn. Sup. 684, 388 A.2d 842 (App. Sess. 1977); Burkle v. Car TruckLeasing Co., 1 Conn. App. 54, 467 A.2d 1255 (1983); Royal Ins.Co. of America v. Wilson Electrical Co., Superior Court, Judicial District of Tolland at Rockville, Docket No. 050395 (August 15, 1994) (Klaczak, J.). See also, Crawford v. Dover Investment,
Superior Court, Judicial District of Middlesex at Middletown, Docket No. 68619 (April 5, 1994) (Gaffney, J.).
In Laudano v. General Motors Corp., supra, 684, General Motors Corporation ("GMC") and the Boyle Equipment Company ("Boyle") entered into a written contract whereby Boyle agreed to provide and install at GMC's premises six dock shelters. Thereafter, the plaintiff, an employee of Boyle, came onto the premises of GMC to install a dock shelter. While acting within the scope of his employment, the plaintiff was injured when he fell from a ladder. The plaintiff brought an action in negligence against GMC, who then impleaded Boyle. The contract between the parties contained the following indemnity clause: "If this order covers the performance of labor for Buyer [GMC], Seller [Boyle] agrees to indemnify and protect Buyer against all liabilities, claims or demands for injuries or damages to any person or property growing out of the performance of this contract by Seller, its servants, employees, agents or representatives." (Internal quotation marks omitted.) Laudano v. General MotorsCorp., supra, 686.
In determining the liability of Boyle and/or GMC under the indemnity clause set forth above, the court pointed out that "[a]n intention to indemnify one against his own negligence must be expressed in clear and unequivocal language." (Internal quotation marks omitted.) Laudano v. General Motors Corp., supra,
688. The Laudano court then held that "[t]he language of the contract provision in this case clearly, unqualifiedly, and unequivocally states that the `Seller agrees to indemnify and protect Buyer against all liabilities, claims or demands . . . growing out of the performance of this contract . . . ."' (Emphasis in original.) Id., 688. Additionally, the court found that "[t]here cannot be any broader classification than the word `all,'" because "[i]n its ordinary and natural meaning, the word `all' leaves no room for exceptions." (Internal quotation marks omitted.) Id. For these reasons, the court concluded that "[t]he plain meaning of the words employed in the contract fairly includes a promise to indemnify even the negligent indemnitee," CT Page 4149 and "[t]here is no reason why more should be required to establish the unmistakable intent of the parties." Id., 688. Finally, because the court found that "Boyle agreed to indemnify and protect GMC against all liabilities, no matter how such liabilities were caused, provided that they grew out of the performance of the contract," and because the court determined that the plaintiff "was injured while he was engaged in duties in connection with work to be performed under the contract," the court held that GMC was entitled to indemnification from Boyle for the plaintiff's claims. Id., 689.
In Burkle v. Car Truck Leasing Co., supra, 54, the plaintiff brought suit against the defendant for damages for personal injuries sustained while operating a defective motor vehicle leased from the defendant. The lease agreement provided as follows: "Lessee agrees to indemnify and hold Lessor harmless from any and all liability, loss, costs, damages and expenses . . . caused by or arising from ownership, use, operation . . . of one or more automobiles leased hereunder." (Emphasis in original) Id., 56.
The Burkle court acknowledged that "[a] very similar contractual provision was construed by the Appellate Session of the Superior Court in Laudano v. General Motors Corp.,34 Conn. Sup. 684, 688, 388 A.2d 842 (1977), to require indemnification for the indemnitee's own negligence" and that said case "is on all fours with this case and is controlling." Burkle v. Car Truck Leasing Co., supra, 56-57. The Burkle court found that the plain meaning of the words in the indemnification clause before it "include[d] a promise to indemnify even the negligent indemnitee," and that "[t]here is no reason why more should be required to establish the unmistakable intent of the parties."Id., 57. Consequently, the court held that the lessor was entitled to be indemnified and held harmless by the lessee. Id., 57-58.
Other courts have found exculpatory clauses contained in lease agreements as requiring total indemnification in situations where the indemnitee is negligent. See, e.g. Arruda v. Donham andDover Investment Properties. Inc., Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 520972 12 CONN. L. RPTR. 112 (July 11, 1994) (Corradino, J.); Pyszkowski v. CampbellAssoc. General Partnership, Superior Court, Judicial District of New Haven at New Haven, Docket No. 343312 (May 16, 1995) (Hadden, J.);Crawford v. Dover Investment, supra, Superior Court, Docket No. CT Page 4150 68619; Royal Ins. Co. of America v. Wilson Electrical Co., supra, Superior Court, Docket No. 050395; see also Western Alliance v.Wells Fargo Alarm Services, 965 F. Sup. 271, 279 (D.Conn. 1997) (finding a broadly drafted exculpatory clause in a contract exempted the landlord from liability for its own negligence. Nonetheless, the court could not read the clause as exonerating the landlord from gross negligence, recklessness and intentional conduct because the clause was so broadly written.)
In the present action, paragraph 8 of the lease agreement provides as follows: "The Landlord shall not be responsible for the loss of or damage to property, or injury to persons, occurring in or about the demised premises, by reason of any existing or future condition, defect, matter or thing in said demised premises or the property of which the premises are a part, or for the acts, omissions or negligence of other persons or tenants in and about the said property. The Tenant agrees to indemnify and save the Landlord harmless from all claims and liability for losses of or damage to property, or injuries to persons occurring in or about the demised premises." (Lease Agreement, ¶ 118.)
The language of the lease agreement in paragraph 8 is clear and unambiguous. Based upon the above-cited authorities, the parties intention, as expressed in the plain meaning of the words contained in the lease agreement, included a promise to indemnify and hold harmless ICH Associates for its own negligence. Accordingly, "there is no reason why more should be required to establish the unmistakable intent of the parties." Burkle v. Car Trucking Leasing Co., supra, 57; Laudano v. General MotorsCorp., supra, 688. The fact that the plaintiff did not intend, or understand, that ICH Associates would be absolved from its own negligence when it entered into the lease agreement is not the proper focus in determining the meaning and effect of the controverted language in the lease agreement. Gateway v. Dinola,232 Conn. 223, 231, 654 A.2d 342 (1995); see also Robinson v.Weitz, supra, 171 Conn. 545, 551 (1976).
Accordingly, as to counts one and two of the revised complaint, sounding in negligence and breach of the lease agreement, summary judgment may enter.
Count Three
Crest Mechanical argues that summary judgment on the third CT Page 4151 count of the plaintiff's revised complaint should be granted because the plaintiff's negligence claims are time barred by the statute of limitations set forth in General Statutes §52-584. In opposition, the plaintiff maintains that the negligence claims were timely brought.
At the outset, the court notes that count three of the revised complaint sets forth various allegations of negligence against Crest Mechanical. Accordingly, the following discussion will address separately the statute of limitations as it relates to the allegations of negligent installation of the HVAC and fire alarm systems, and negligent maintenance and inspection of the HVAC unit.
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). Summary judgment should be granted on statute of limitations grounds when "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v.Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984); see also Rivera v. Fairbank Management Properties. Inc.,45 Conn. Sup. 154, 155, 703 A.2d 808 (1997).
General Statutes § 52-584 provides, in pertinent part: "No action to recover damages for injury . . . to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action maybe brought more than three years from the date of the act oromission complained of. . . ." (Emphasis added.) General Statutes § 52-584.
 At the outset, it must be understood that § 52-584
imposes two specific time requirements on prospective plaintiffs. The first requires a plaintiff to bring an action within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . . The second provides that in no event shall a plaintiff bring an action more than three years from the date of the act or omission complained of. . . . The statutory clock on this three year time limit begins running when the negligent conduct of the defendant occurs. . . . Consequently, an action may be time barred even if no injury is sustained during the three years following a defendant's act or omission. . . . Nardi
CT Page 4152 v. AA Electronic Security Engineering, Inc., 32 Conn. App. 205, 210-11, 628 A.2d 991 (1993). The three year time limit is a statute of repose because it specifies the time beyond which an action under § 52-584 is absolutely barred. McDonald v. Haynes Medical Laboratory, Inc., 192 Conn. 327, 334, 471 A.2d 646
(1984).
(Emphasis in original; internal quotation marks omitted.) Riverav. Fairbank Management Properties. Inc., supra, 157-58.
i. Negligent Installation.
In the present action, Crest Mechanical maintains that the three year period of repose began to run between 1987-1988, the time period when the HVAC unit and fire alarm system were installed. Therefore, Crest Mechanical claims that the plaintiff's negligence claim, commenced on February 1, 1996, is barred by the repose section of General Statutes § 52-584
because the action was commenced more than seven years after the alleged negligent installation. The plaintiff does not offer any evidence to dispute the above dates. Under such circumstances, the cause of action for negligent installation would be barred by the three year statute of repose not later than 1991. Because the plaintiff's action was commenced on February 1, 1996, at least eight years after the installation of the HVAC unit and fire alarm system, the plaintiff's action is barred by the repose section of General Statutes § 52-584.
ii. Negligent Inspection and Maintenance.
With respect to count three, insofar as it alleges negligent maintenance and inspection of the HVAC unit, Crest Mechanical claims: that it only performed routine inspection and maintenance on the HVAC unit in the area where the electrical fire occurred subsequent to February 1, 1993; that Crest Mechanical did not work on the electrical system; that the routine inspections consisted of cleaning the blower and replacing the air filter; and that none of these activities caused the fire in the nearby box. See Affidavits of Paul Breglio, Exhibits A B; see also Job Invoices, Exhibit C.
In opposition, the plaintiff maintains that Crest Mechanical's negligent acts or omissions were committed within the year preceding the fire. According to the plaintiff, Crest Mechanical admits, through affidavits, the following: to having been under a contractual obligation to inspect, service and maintain the HVAC CT Page 4153 system following its installation up and through the time of the fire; to servicing the unit on three separate occasions during the ten month period preceding the fire; and to actually servicing the unit just five weeks prior to the fire. The plaintiff therefore argues that Crest Mechanical's negligent maintenance and inspection occurred during the year preceding the fire and within three years of the commencement of this lawsuit. Thus, the plaintiff claims that General Statutes § 52-584
does not bar the negligence action against Crest Mechanical.
In ruling on a summary judgment motion, the only material facts, in context of the three year statute of repose are the date when the alleged negligent conduct of the defendant's occurred and the date when the action was commenced. General Statute § 52-584. Therefore, Crest Mechanical's argument that its maintenance and inspection activities did not cause the electrical fire are not relevant for purposes of determining whether the three year statute of repose bars the plaintiff's action. Viewing the above evidence in a light most favorable to the plaintiff, there are genuine issues of material fact regarding the time when Crest Mechanical's negligent conduct was alleged to have occurred. The court cannot conclude, as a matter of law, that the three year limitation period bars the plaintiff's action. Therefore, summary judgment is denied at to count three, insofar as it alleges negligent maintenance and inspection.[3]
Summary judgment is granted as to counts one and two of the revised complaint, and on that part of count three which alleges negligent installation. Summary judgment is denied as to that portion of paragraph three which alleges negligent inspection and maintenance insofar as it presents issues of material fact.
DUNNELL, J.