[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 6, 1999, Glenn Lake brought this action against Martin Whelan, alleging that during the course of his official duties as a firefighter for the town of Ridgefield, he was injured as a result of the defendant's negligence. The defendant has moved for summary judgment on the ground that the fireman's rule precludes recovery by the plaintiff. The plaintiff filed an objection to the motion.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368 (2000).
As the party moving for summary judgment, the defendant is required to support his motion with supporting documentation, including affidavits.Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,796 (1995). The defendant has offered uncertified copies of excerpts of deposition transcripts to support his motion for summary judgment. "[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute proof of documentary evidence for purposes of a motion for summary judgment." (Internal CT Page 1524 quotation marks omitted.) Hayes v. Crehen, Superior Court, judicial district of Danbury, Docket No. 320486 (February 13, 1997, Moraghan,J.); see also Langlais v. Guardian Life Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 252826 (July 7, 1992, Lewis, J.) (7 Conn. L. Rptr. 34, 35). Therefore, these documents do not comply with the requirements of Practice Book § 17-45 and may not be considered by the court in deciding the motion. Noney v. WaterburyHousing Authority, Superior Court, judicial district of Waterbury, Docket No. 135885 (June 27, 1997, Leheny, J.); Maryheart Crusaders v. Barry, Superior Court, judicial district of New Haven at Meriden, Docket No. 251647 (April 20, 1998, Dunnell, J.) (22 Conn. L. Rptr. 33).
The defendant has not met the burden of showing an entitlement to summary judgment as a matter of law, and the motion is, accordingly, denied.[1]
Moraghan, J.T.R.