[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding is an application by the plaintiff, Qwest Communications Corporation (Qwest), for a prejudgment remedy pursuant to General Statutes § 52-278c. The plaintiff seeks to attach real estate belonging to the defendant, Benjamin R. Gray, and located on Rowayton Avenue in Norwalk, in order to secure the sum of $170,000. The issue in this case is whether an officer of a foreign corporation, which corporation has not received authority to transact business in Connecticut, is personally liable for the debts of that foreign corporation incurred in Connecticut.
In an affidavit dated October 15, 2001, submitted in support of the attachment and in its unsigned complaint, the plaintiff, whose principal office is in Denver, Colorado, alleges that on or about March 6, 2000, the defendant, purporting to act as Co-CEO" of a Delaware corporation, Online Athletics, Inc. (Online), signed a credit application to the plaintiff. The affidavit and unsigned complaint allege that subsequently the defendant failed to pay a balance due to the plaintiff of approximately $155,000, plus interest, attorney's fees and court costs. The plaintiff also alleges that Online was not "incorporated" in this state at the time the defendant signed the credit application, and therefore that the defendant is personally liable for all debts of Online pursuant to General Statutes § 33-638.[1]
On November 13, 2001, the parties were present in court for a prejudgment attachment hearing, pursuant to General Statutes § 52-278d. The standard for the granting of a prejudgment remedy by way of an attachment is well established. "[I]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a CT Page 5125 prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court." General Statutes § 52-278d (a) (4).
"[A] hearing on an application is not a full-scale trial on the merits of the plaintiff's claims . . . but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action." (Citations omitted; internal quotation marks omitted.) Boscov. Arrowhead by the Lake, Inc., 53 Conn. App. 873, 874, 732 A.2d 205
(1999). "[T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities. . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel, 34 Gonn. App. 216, 219-20, 641 A.2d 388 (1994); see also General Statutes §52-278d (a).[2] In addition, although the amount of damages does not have to be proved with mathematical precision; Burkert v. Petrol Plus ofNaugatuck, Inc., 5 Conn. App. 296, 301, 497 A.2d 1027 (1985); a plaintiff bears the burden of presenting evidence "which affords a reasonable basis for measuring her loss." (Internal quotation marks omitted.) Spera v.Audiotape Corp., 1 Conn. App. 629, 633, 474 A.2d 481 (1984).
In its application for a prejudgment remedy, the plaintiff asserts that it will likely prevail on its claim against the defendant because it proved that when the defendant signed the credit application, he knew that Online had not yet been "incorporated" in this state. According to the plaintiff, General Statutes § 33-638 imposes personal liability on those individuals purporting to act on behalf of a corporation when they know that such a corporation was not incorporated in this state at the time of the individual's actions.
During the course of the hearing and in its memoranda in support of the application for attachment, however, the plaintiff states that even though Online is a foreign corporation, having been incorporated in Delaware prior to the credit application to the plaintiff, General Statutes §33-638 imposes liability on its officers. It argues that officers of foreign corporations who have not been authorized to transact business in this state as required by General Statutes § 33-920[3] incur liability under § 33-368. In this action, Online did not have a certificate of authority from the Secretary of the State. For this reason, the plaintiff argues that the defendant is liable under § 33-368. CT Page 5126
The defendant argues that General Statutes § 33-368, although applicable to domestic corporations which have not properly incorporated in this state, is not applicable to foreign corporations such as Online, which were previously incorporated in another state. The defendant, in opposing the application for a prejudgment remedy, contends, in other words, that a foreign corporation's failure to obtain a certificate of authority in this state does not expose the corporation's officers or directors to personal liability pursuant to § 33-638.
The parties agree that there is no appellate authority in this state that specifically addresses whether General Statutes § 33-368 also applies to foreign corporations who have not obtained a certificate of authority pursuant to General Statutes § 33-920. Thus, the court must construe § 33-638 to determine whether it is applicable to foreign corporations. "As with any issue of statutory interpretation, our initial guide is the language of the statute itself." (Internal quotation marks omitted.) Williams v. Commission on Human Rights Opportunities,257 Conn. 258, 270, 777 A.2d 645 (2001).
The language of General Statutes § 33-638 refers to "incorporation" and not to foreign corporations which have been incorporated in other jurisdictions but have not obtained a certificate of authority to transact business in this state. The Legislature could have readily included such corporations in § 33-638 by adding a reference to such foreign corporations. However, it did not do so.
The defendant's position is further supported by General Statutes § 33-921, which prescribes the penalties or "consequences" arising from a foreign corporation's failure to obtain a certificate of authority.[4] This statute does not include, as a penalty or consequence of not obtaining such a certificate, the imposition of personal liability on the officers of that foreign corporation. Again, if the Legislature intended to add personal liability as a penalty for not obtaining a certificate of authority, it could easily have done so. In the case of both General Statutes § 33-368 and § 33-921, the plaintiff is arguing that the judicial branch should add words which the legislative branch omitted.
Because the plaintiff has not cited any legislative history or appellate authority that General Statutes § 33-638 applies to foreign corporations, the plaintiff has not shown probable cause that it will prevail against the defendant, an officer of a foreign corporation. of course, after discovery and a full hearing on the merits, a different result might well ensue regarding the personal liability of the defendant. At this stage of the proceedings, however, the plaintiff has not adequately demonstrated probable cause that it will prevail, in the CT Page 5127 light of the defense offered by the defendant that § 33-638 does not apply to foreign corporations that have not obtained a certification of authority to transact business in this state.
Thus, the application for a prejudgment remedy of attachment of the defendant's real estate is denied.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of April, 2002.
William B. Lewis, Judge T.R.