[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
To secure sums allegedly due him, the plaintiff in this action seeks a prejudgment remedy in the form of an attachment of real property owned by the defendant in Woostock, in this judicial district. CT Page 6875
After a hearing, the court finds the following facts: On various dates between 1990 and 2000, the plaintiff, Martin W. Zott, now 79 years old, lent sums of money to his then son-in-law, the defendant, Allan Channey. He also paid for building materials that were used by the defendant on construction projects incidental to his occupation as a builder. The plaintiff says about $80,000 has been lent or advanced on behalf of the defendant.
Some of the funds and materials were used to build a residence, barn and chicken coop on the premises where both the plaintiff and the defendant reside, the title to which is vested solely in the defendant.
The plaintiff's daughter and the defendant were divorced about five years ago and the plaintiff has not been repaid for the sums and materials he advanced, although it may be that the defendant's obligation to pay is partially set-off by some real property taxes the plaintiff agreed to pay pursuant to a contract. The statute of limitations may also be implicated in some of the claims.
Connecticut General Statutes § 52-278a (d) defines a prejudgment remedy as "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order." "The trial court's role in acting upon a prejudgment remedy motion does not require an authoritative determination of the merits of [the parties'] arguments and . . . evidence. . . . The court need do no more than determine that there is probable cause to sustain the validity of the plaintiff's claim." (Citation omitted; internal quotation marks omitted.) Burkert v. PetrolPlus of Naugatuck, Inc., 5 Conn. App. 296, 300, 497 A.2d 1027 (1985). A court may grant a prejudgment remedy if the plaintiff has shown "probable cause that a judgment in the amount of the prejudgment remedy sought . . . taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff. . . ." Nash v. Weed Duryea Co., 236 Conn. 746, 747 n. 1, 674 A.2d 849 (1996). "Prejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." (Internal quotation marks omitted.) Tyler v. Schnabel, 34 Conn. App. 216, 219, 641 A.2d 388
(1994).
"In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiffs' CT Page 6876 claim. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities. . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action. . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel, supra,34 Conn. App. 219-20.
"In an application for a prejudgment remedy, damages need not be established with precision but only on the basis of evidence yielding a fair and reasonable estimate. . . . Facts must be presented which are sufficient to enable the court to determine the probable amount of the damages involved. . . . As a matter of general experience, a determination of a claim's probable validity normally will entail at least some consideration of the amount of damages which may be found upon a full trial." (Citations omitted; internal quotations omitted.) Burkertv. Petrol Plus of Naugatuck, Inc., supra, 5 Conn. App. 301. Based upon the evidence heard at the hearing of May 28, 2002, the plaintiff has established probable cause that a judgment will enter in his favor. A prejudgment remedy in the form of an attachment of real property is ordered in the amount of $60,000.
 ___________________ J. Potter, J.