[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT AND ON APPLICATIONS FOR PREJUDGMENT REMEDY
FACTS
The plaintiff, Raymond Esposito, executor of the estate of Neil Esposito ("Esposito"), commenced this action for damages against the defendants, Heather Specyalski ("Specyalski") and Mercedes-Benz Credit Corporation ("MBCC"), in December of 2000. The complaint alleges that on October 30, 1999, Specyalski was driving an automobile owned by and leased from MBCC, in which Neil Esposito was a passenger. The automobile veered off the road, struck several trees and rolled over. Neil Esposito was thrown from the vehicle and was pronounced dead at the scene. Ms. Specyalski was seriously injured.
The lessee of the subject vehicle was Rubbish Removal of Hartford, Inc. ("Rubbish Removal"). Neil Esposito was the guarantor of all amounts owed under the lease between Rubbish Removal and MBCC. Esposito claims MBCC is liable for plaintiff's damages by virtue of Section 14-154a of the General Statutes.[1]
By applications dated August 8, 2002, MBCC seeks a prejudgment remedy against Rubbish Removal, pursuant to MBCC's amended third-party complaint filed against Rubbish Removal, and a prejudgment remedy against Esposito, pursuant to MBCC's amended counterclaim filed against Esposito. By motions of even date, MBCC seeks summary judgment against Rubbish Removal and Esposito claiming that the indemnification clause in the subject lease entitles MBCC to judgment as a matter of law. A hearing on the motions and applications was held on September 10, 2002. The court will first address the motions for summary judgment.
DISCUSSION
CT Page 16142
Pursuant to Practice Book section 17-45, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385,752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Insurance Co., 245 Conn. 374, 381,713 A.2d 820 (1998). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 372 n. 7, 746 A.2d 753 (2000).
Motion for Summary Judgment as to Rubbish Removal
The subject lease for the automobile involved in the accident was signed by Neil Esposito, on behalf of McCauley Enterprises, Inc., as lessee, and additionally signed by Neil Esposito, individually, as guarantor of amounts owed under the lease. The lessor is identified as New Country Motor Cars, Inc. An affidavit signed by an employee of Chrysler Financial Co., L.L.C., avers the following: 1) MBCC is a subsidiary of Chrysler Financial Co., L.L.C.; 2) New Country Motor Cars, Inc. assigned all right, title and interest in the lease to MBCC; and 3) McCauley Enterprises, Inc. changed its name to Rubbish Removal of Hartford, Inc. The parties have stipulated to the authenticity and admissibility of the copy of the lease agreement provided to the court.
The subject indemnification clause provides, in relevant part, as follows: "If you [MBCC] are subjected to any claims, losses, injuries, expenses, or costs related to the use, maintenance, or condition of the vehicle, I [Rubbish Removal] will pay all of your [MBCC] resulting costs and expenses, including attorneys fees." It is important to note that this case ("the Esposito case") has been consolidated with the case ofHeather Specyalski v. Raymond Esposito, et al., Docket No. X04-CV-00-0121876-S ("the Specyalski case"). In the Specyalski case, Ms. Specyalski claims that Neil Esposito was the operator of the subject vehicle at the time of the accident on October 30, 1999. She claims that CT Page 16143 she was the passenger and suffered multiple serious injuries as the result of his negligent actions. The identity of the driver of the automobile is a fiercely contested issue.
Nevertheless, MBCC claims that the indemnification clause in the lease entitles it to judgment as a matter of law regardless of whether Mr. Esposito or Ms. Specyalski was driving the vehicle. In support of its claim, MBCC cites to the cases of Smith v. Mitsubishi Motors Credit ofAmerica, Inc., 247 Conn. 342, 721 A.2d 1187 (1998) and Burkle v. Car Truck Leasing Co., 1 Conn. App. 54, 467 A.2d 1255 (1983). Rubbish Removal claims that the Smith case is not applicable because Rubbish Removal was not the tortfeasor in this matter and it would be in violation of public policy to allow an indemnification clause to circumvent the application of section 14-154a of the General Statutes.
The court agrees that the Smith case very clearly limits its holding to situations in which the lessee is the tortfeasor.
 For these reasons, we conclude, contrary to the trial court, that Section 14-154a does not preclude, as a matter of public policy, the enforcement of an indemnity clause in an automobile lease in cases in which the lessee, as tortfeasor, has caused injuries for which the owner has paid damages. An automobile owner's statutory liability to injured third persons does not shield such a lessee from liability.
Id., 349. Our Supreme Court does not state, however, that an indemnity clause would never be enforced against a non-negligent lessee. Case law is supportive of the general proposition that such contractual clauses should be given effect in accordance with the intention of the parties at the time they entered into such an agreement. In fact, courts have held that a lessee is obligated to indemnify a lessor pursuant to an unambiguous indemnity clause even in those circumstances in which the lessee is not negligent and the lessor is negligent. In Laudano v.General Motors Corporation, 34 Conn. Sup. 684, 388 A.2d 842 (1977), the Appellate Session of the Superior Court ruled upon an indemnity clause in a construction contract and held that the negligent indemnitee was entitled to indemnification from the non-negligent indemnitor.
No court in this state has adopted what is apparently the majority rule that an indemnity contract must contain an express stipulation relieving the indemnitee from liability for loss resulting from his own negligence. . . . Indemnity clauses in contracts CT Page 16144 entered into by businesses, particularly in construction contracts, should be viewed realistically as methods of allocating the cost of the risk of accidents apt to arise from the performance of the contract. (Citation omitted.) The unambiguous language of an indemnity clause should be given effect as expressing the parties' intention.
Id., 686-687.
Similarly, in the case of Burkle v. Car Truck Leasing Co.,1 Conn. App. 54, 467 A.2d 1255 (1983), the court held that the defendant lessor was entitled to be indemnified by the lessee under the lease's indemnity clause for the lessor's own negligence in furnishing a defective motor vehicle. The court cited the case of Laudano, supra, as being supportive of its decision and found that any distinction in the factual situation was a distinction without a difference.
The court finds that the indemnity clause in the present case is clear and unambiguous. If MBCC suffers any losses related to the use of the leased vehicle, the lessee, Rubbish Removal, must pay all resulting costs and expenses. Although Rubbish Removal and Esposito have argued that the clause limits the indemnification to "costs" only, as that term is defined in Black's Law Dictionary, the court does not find this argument persuasive. The subject lease does not define costs and expenses, and most certainly does not restrict its meaning to the statutory definition. The clause provides that the lessee will pay "all of your [MBCC] resulting
costs and expenses, including attorneys fees," for any "claims, losses, injuries, expenses or costs." (Emphasis added.) Rubbish Removal and Esposito previously raised this argument in their motions for summary judgment dated March 22, 2001. This court agrees with and adopts the reasoning set forth in Judge Koletsky's Memorandum of Decision filed August 3, 2001, wherein he concluded that the contractual language in the indemnity provision is clear and unambiguous and does not exclude amounts awarded in judgments on the claims themselves.
With respect to Rubbish Removal, the lessee, it has contractually agreed to indemnify MBCC for all its resulting costs and expenses arising out of the operation of the leased vehicle. Even though it is a non-negligent lessee, it is a corporation which entered into a contract with another corporation. Rubbish Removal is not an unsophisticated consumer, but rather a business entity which agreed to a particular allocation of the cost of the risk of accidents. There is no violation of public policy to require its adherence to the contractual provision. This court finds, as a matter of law, that Rubbish Removal is legally CT Page 16145 obligated to indemnify MBCC, pursuant to the terms of the indemnity clause in the lease, regardless of whether Mr. Esposito or Ms. Specyalski was operating the vehicle at the time of the accident. Accordingly, summary judgment enters in favor of MBCC against Rubbish Removal.
Motion for Summary Judgment as to Esposito
With respect to Mr. Esposito, who contractually agreed to pay all amounts owed under the lease[2], his role as guarantor obligates him to indemnify MBCC unless the enforcement of that provision against him would be contrary to public policy. If Mr. Esposito was the driver of the vehicle, the case of Smith v. Mitsubishi Motors Credit of America, Inc.,247 Conn. 342, 721 A.2d 1187 (1998) is dispositive. According to our Supreme Court, the indemnification agreement is not contrary to public policy when the lessee is the tortfeasor. Mr. Esposito, as the guarantor, steps into the shoes of the lessee and, as a matter of law, is subject to the terms of that indemnity provision.
If Mr. Esposito was not the driver of the vehicle, the issue is whether it would be against public policy to enforce the indemnification provision against him. The plaintiff claims Mr. Esposito should not be bound by the indemnity clause if he was not negligent. Even if Mr. Esposito was not operating the vehicle, MBCC's first special defense alleges he was negligent in allowing Ms. Specyalski to drive the vehicle when he knew she was intoxicated. It may be, then, that the finder of fact would determine Mr. Esposito was negligent even though Ms. Specyalski was driving at the time of the accident. As a matter of law, the indemnity provision would apply to Mr. Esposito if he was not driving but is found to be negligent as alleged in the special defense.
If Mr. Esposito was not the driver and was not negligent in allowing Ms. Specyalski to operate the vehicle, the issue is whether it would then be against public policy to require him to indemnify MBCC pursuant to the terms of the lease agreement. The court holds that, under the circumstances of this case, the clause in the lease requiring Mr. Esposito to indemnify MBCC does not violate public policy. Mr. Esposito, as the individual authorized to sign the lease on behalf of Rubbish Removal, was not an unsophisticated consumer. As a businessman, he entered into a contractual arrangement with MBCC to lease a vehicle and undertook to personally guaranty the obligations under that lease. He is, therefore, bound by the provisions of the contract he made with MBCC, a question of law, regardless of any factual determination as to his liability.
For the foregoing reasons, the court concludes that summary judgment CT Page 16146 enters in favor of MBCC against Esposito requiring indemnification for any judgment which may be rendered against MBCC.
Applications for Prejudgment Remedy
By applications dated August 8, 2002, MBCC seeks a prejudgment remedy, pursuant to section 52-278h[3], et seq., of the General Statutes, against Rubbish Removal and Esposito in an amount of five million dollars. Separate applications were filed against each of the parties and a separate, although identical, affidavit attached to each application. The affidavit, signed by Christopher DeWetter, the paralegal responsible for the claims filed against MBCC by Ms. Specyalski and Esposito, avers that Exhibit A is a true and accurate copy of the subject rental agreement, that New Country Motor Cars, Inc. assigned all rights in the lease and vehicle to MBCC, and that Exhibit B is a certified copy of the Certificate of Amendment of Name Change filed by McCauley Enterprises, Inc. changing its name to Rubbish Removal. No other affidavits were filed with the applications and no exhibits were submitted into evidence at the time of the hearing held on September 10, 2002.
Section 52-278c of the General Statutes provides, in relevant part, as follows:
 (a) Except as provided in sections 52-278e and 52-278f
[both sections not applicable in this case], any person desiring to secure a prejudgment remedy shall attach his proposed unsigned writ, summons and complaint to the following documents: . . . (2) An affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff. . . .
This court concludes that MBCC has failed to provide sufficient evidence to support the amount sought in the applications. Clearly the affidavit is deficient in this regard; the issue of damages is not even addressed. It is true that MBCC was not limited to the affidavit and could have established the probable amount of damages by documentary proof or testimony at the hearing. Mullai v. Mullai, 1 Conn. App. 93, 94,468 A.2d 1240 (1983). MBCC did not do so. It called no witnesses and submitted no exhibits at the probable cause hearing. CT Page 16147
MBCC attached copies of excerpts from various depositions, copies of medical bills for Ms. Specyalski and copies of responses to interrogatories and requests for production in an appendix to the memorandum in support of the applications for prejudgment remedy. Although counsel for MBCC indicated at the hearing that the amount sought was three million dollars instead of five million dollars, the only support given for this amount was the offer of judgment filed by Ms. Specyalski and counsel's statement that Neil Esposito was making around two million dollars a year at the time of his death as evidenced by his tax returns, which were not provided to the court. MBCC reasoned that Ms. Specyalski's damages would be less than Esposito's damages and, relying on her offer of judgment of three million five hundred thousand dollars, sought three million dollars as the prejudgment remedy amount.
The court finds the documentation provided is insufficient to award a prejudgment remedy in the amount requested. Probable cause must exist as to the merits of the claim and the amount of damages sought. Union TrustCo. v. Heggelund, 219 Conn. 620, 625, 594 A.2d 464 (1991). "In an application for a prejudgment remedy, `damages need not be established with precision but only on the basis of evidence yielding a fair and reasonable estimate. Spera v. Audiotape Corporation, 1 Conn. App. 629,633, 474 A.2d 481 (1984).'" Burkert v. Naugatuck Petrol Plus, Inc.,5 Conn. App. 296, 301, 497 A.2d 1027 (1985). MBCC failed to do so and, for this reason, the court denies MBCC's applications for prejudgment remedy against Rubbish Removal and Esposito.
CONCLUSION
MBCC's motions for summary judgment as to Rubbish Removal and Esposito are granted. MBCC's applications for prejudgment remedy against Rubbish Removal and Esposito are denied.
BY THE COURT
McLachlan, J.