[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks a prejudgment remedy in the amount of $24,000 against the defendants. The dispute arose over a piece of furniture that the defendants sold to the plaintiff for a price of either $20,000 or $30,000.
Under General Statutes § 52-278d, at the hearing, the court is to determine whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than that sought, taking into account any defenses, counterclaims or set offs, will be rendered in favor of the plaintiff. Our Supreme Court instructs that "a court is required to consider not only the validity of the plaintiffs claim but also the amount that is being sought." UnionTrust Co. v. Heggelund, 219 Conn. 620, 625 (1991); see also Giordano v.Giordano, 39 Conn. App. 183, 206 (1995). Further,
 The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiffs claim. The plaintiff does not have to establish, that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. . . . Moreover, this weighing process applies to both legal and factual issues.
(Internal citations omitted; quotation marks omitted.) Bank of BostonConnecticut v. Schlesinger, 220 Conn. 152, 156 (1991).
In its decision on the plaintiffs application the court must determine damages to a fair and reasonable estimate. In Rafferty v. Noto Bros.Construction. LLC, 68 Conn. App. 685, 693-94 (2002), the court noted,
We have held that in an application for a prejudgment CT Page 1296 remedy, the amount of damages need not be determined with mathematical precision. Burkert v. Petrol Plus of Naugatuck, Inc., 5 Conn. App. 296, 301, 497 A.2d 1027
(1985). A ""fair and reasonable estimate"' of the likely potential damages is sufficient to support the entry of a prejudgment attachment. Id. Nevertheless, the plaintiff bears the burden of presenting "evidence which affords a reasonable basis for measuring her loss." (Internal quotation marks omitted.) Spera v. Audiotape Corp., 1 Conn. App. 629, 633, 474 A.2d 481
(1984); see Ledgebrook Condominium Assn., Inc. v. Lusk Corp., 172 Conn. 577, 584-86, 376 A.2d 60
(1977).
The court heard testimony from the plaintiff and the individual defendant. The evidence showed an ongoing relationship in 2001 and 2002 between the parties involving sales and restoration work. The probative evidence shows that while the secretary bookcase was never delivered to the plaintiff nor was the $20,000 returned to her, the defendant was owed monies by the plaintiff for other work and delivered pieces. For these reasons, the plaintiff has not yet provided a reasonable basis for her claimed loss.
Accordingly, the application is denied.
___________________ DiPentima, J. CT Page 1297