[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
On January 29, 2002, the plaintiff, Luzerne Longley, filed a single complaint against the defendant, White Water Mountain Resorts of Connecticut. The plaintiff alleges that the injuries he sustained while snow tubing on or about January 23, 2000, on the defendant's premises were the result of the carelessness and negligence of the defendant, its agents, servants and employees.
On February 28, 2002, the defendant filed an answer and four special defenses. On March 12. 2002, the defendant filed a counterclaim. On July 15, 2002, the plaintiff filed a motion to strike the defendant's first, second and third special defenses accompanied by a memorandum of law in support of the motion. On July 29, 2002, the defendant filed a memorandum of law in opposition to the plaintiffs motion to strike.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999). "A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. Rear StillHill Road, LLC, 64 Conn. App. 9, 13, 779 A.2d 198 (2001). "In . . . ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defense in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536 606 A.2d 684 (1992). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike. . . ." (Internal quotation marks omitted.) Gazo v.CT Page 15817Stamford, 255 Conn. 245, 259, 765 A.2d 505 (2001).
The defendant's first special defense alleges that the plaintiffs action is barred by General Statutes § 29-212. The plaintiff moves to strike the first special defense on the ground that § 29-212 applies to skiers, not snow tubers. The plaintiff argues that he was a snow tuber, not a skier, and that the defendant never denied this fact. In addition, the waiver document that he executed prior to the accident was entitled "Snow Tubing." He further maintains that the legislative history of § 29-212 indicates the legislature's intent that the law apply solely to skiers.
The defendant argues in opposition that the purpose of the statute is to limit liability of ski resort operators for hazards inherent in the sport of skiing. It maintains that, like skiing, snow tubing is an inherently dangerous sport with risks nearly identical to those involved in skiing; the risks covered by the statute are akin to those that the plaintiff confronted.
General Statutes § 29-212 is entitled "Assumption of risk of injury by skier, when." (Emphasis added.) The section provides in pertinent part: "Each skier shall assume the risk of and legal responsibility for any injury to his person or property arising out of the hazards inherent in the sport of skiing, unless the injury was proximately caused by the negligent operation of the ski area by the ski area operator, his agents or employees. Such hazards include, but are not limited to. . . ." (Emphasis added).
Section 29-212 "imposes on skiers the risk and legal responsibilities arising out of the sport of skiing. Ski operators are responsible only if the injury was proximately caused by the negligent operation of the ski area by the ski operator, his agents, or employees. The evident purpose of § 29-212 is to limit the liability of ski resort operators." (Internal quotation marks omitted.) Civitello v. Ski Sundown, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 97 0137455 (June 8, 2000, Holzberg, J.) (27 Conn.L.Rptr. 301). The present case, however, deals with a snow tuber, not a skier. "The intent and application of [General Statutes § 29-212] indicates that it applies exclusively to skiers." Potts v. White Water Mountain Resorts ofConnecticut, Superior Court, judicial district of New London, Docket No. CV 99 0550961 (August 24, 2001, McLachlan, J.) (30 Conn.L.Rptr. 301). "`[S]ki center or ski area relates to alpine skiing. . . . It does not mean anything else. . . . The legislative intent has been brought out that it refers to alpine skiing.'" (Emphasis in original) Id. n. 4., quoting 22 H.R. Proc., Pt. 10, 1979 Sess., p. 12698. CT Page 15818
The defendant cites no authority to support the proposition that snow tubers are exposed to the same inherently dangerous risks as skiers or that General Statutes § 29-212 should apply to skiers and snow tubers alike. Since the defendant has not shown that the statute is applicable to the plaintiffs claims, the plaintiffs motion to strike the defendant's first special defense of General Statutes § 29-212 is granted.
The defendant's second special defense alleges that "[t]he plaintiffs action is barred by virtue of his execution of a waiver and release of liability. . . ." The plaintiff moves to strike the second special defense on the ground that the waiver executed by the plaintiff did not specifically release negligence. The plaintiff argues that the waiver and release from liability did not specifically release the defendant from its own negligence and the waiver is against public policy. He argues that the law does not favor exculpatory contracts because they tend to allow conduct below acceptable levels of care.
The defendant counters that the pre-accident execution of waiver and release by the plaintiff is a legally sufficient defense, and it is generally accepted that these agreements are valid and enforceable against a patron. It maintains that exculpatory agreements can be valid provided that the patron or participant is properly notified. The defendant also argues that it would be improper to hold the plaintiff unaccountable for his actions, that of signing the waiver.
"Waiver must be based on facts known, actually or constructively, at the time of the waiver." Breen v. Aetna Casualty Surety Co.,153 Conn. 633, 648, 220 A.2d 254 (1996). "Waiver is the voluntary relinquishment of a known right. . . . The rule is applicable that no one shall be permitted to deny that he intended the natural consequences of his acts and conduct. . . . In order to waive a claim of law it is not necessary . . . that a party be certain of' the correctness of the claim and its legal efficacy. It is enough if he knows of the existence of the claim and of its reasonably possible efficacy." (Citation omitted; internal quotation marks omitted.) General Accident Ins. Co. v. Powers,Bolles, Houlihan Hartline, Inc., 50 Conn. App. 701, 711-12,719 A.2d 77 (1988).
"[A] court should be cautious about holding contract provisions unenforceable because of violations of public policy unless the public policy reasons are absolutely clear." (Internal quotation marks omitted.)Gagliardi v. World Gym Fitness, Superior Court, judicial district of New Britain, Docket No. CV 00 0500627 (July 3, 2001, Dos Santos, J.). "The Supreme Court has not yet decided whether waivers of negligence claims by CT Page 15819 adult participants in sporting events are enforceable." Foley v.Southington-Cheshire Community YMCA, Inc., Superior Court, judicial district of New Britain, Docket No. CV 00 502023 (March 28, 2002, Shortall, J.) (31 Conn.L.Rptr. 673). In general, "[t]he law does not favor contract provisions which relieve a person from his own negligence . . . Such provisions, however, have been upheld under proper circumstances." (Citations omitted.) Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 413, 446 A.2d 799 (1982). "[T]he Appellate Court held in Burkle v. Car Truck Leasing Co., 1 Conn. App. 54,56-57, 467 A.2d 1255 (1983), that a hold harmless agreement for all liability does not violate public policy. The court reasoned that [t]he legislature, in specifically outlawing hold harmless agreements in the construction industry, showed an intention that such a practice not be deemed against public policy in other situations, for had the legislature intended to outlaw all such provisions as against public policy, it could have said so." (Internal quotation marks omitted.) Gagliardi v. World GymFitness, supra, Superior Court, Docket No. CV 00 0500627. Some courts, however, "have shown a tendency to hold [releases contained in preprinted form contracts] against public policy when entered into by professional service providers in the course of dealing with the general public."Mattegat v. Klopfenstein, 50 Conn. App. 97. 103-104. 717 A.2d 276, cert. denied, 247 Conn. 922, 722 A.2d 810 (1998).
"The general rule is that where a person [who is] of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is [that person's] duty to read it and notice of its contents will be imputed to [that person] if [that person] negligently fails to do so. . . ." (Internal quotation marks omitted.) Phoenix Leasing, Inc. v. Kosinski, 47 Conn. App. 650, 654,707 A.2d 314 (1998). "[I]t is generally recognized that agreements exempting owners and operations of sports facilities from liability for negligence entered into with patrons of the facility are valid and enforceable against a patron." Slauson v. White Water Mountain Resorts ofConnecticut, Superior Court, judicial district of New Haven, Docket No. CV 99 0432460 (May 30, 2001, Jones, J.) (29 Conn.L.Rptr. 605, 606).
"Courts have seemed to take two views regarding the language that must be included in a waiver agreement for the purpose of barring negligence claims against an owner of a facility or its employees. Some courts require that specific language be included alerting the patron that he or she waives any claim for injury caused by the actual negligence of the facility operator . . . Other courts . . . take the position that exculpatory agreements must be strictly construed but hold that the word "negligence' need not be used; the operator of a sports facility can be protected by an agreement in which the patron releases the operator from CT Page 15820 `any claim.'" (Internal quotation marks omitted.) Foley v.Southington-Cheshire Community YMCA, Inc., supra, 31 Conn.L.Rptr. 673
"The majority of trial courts . . . take the position that specific language, i.e. the word `negligence' must be used to waive effectively claims for negligence against facility operators. . . . [A] waiver must specifically alert the patron that he or she by signing the waiver is releasing the operator of the facility from injury caused by the operator's own negligence." (Citation omitted; internal quotation marks omitted.) Smith v. Connecticut Racquetball Club, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 97 0342983 (June 3, 2002, Rush, J.).
"The court in Malin v. White Water Mountain Resorts of Connecticut,Inc., Superior Court, judicial district of New Haven, Docket No. CV 99 0432774 (March 16, 2001, Blue, J.) (29 Conn.L.Rptr. 374), also held that a release from liability does not absolve the defendant of its own negligence. The court reasoned that the waiver form only absolves an operator of a facility of its own negligence if the contract `clearly, unequivocally, specifically, and unmistakably express[es] the parties' intention to exculpate the [defendant] from liability resulting from its own negligence. . . . [A]lthough the form absolves White Water from the inherent risks of snow tubing, it fails to state that White Water's negligence is one of those inherent risks." (Citation omitted; internal quotation marks omitted.) Foley v. Southington-Cheshire Community YMCA,Inc., supra, 31 Conn.L.Rptr. 674. "[C]ases have upheld the validity of a waiver form [that] made reference to the specificity of the language in the waiver form as a basis for their holding. . . . Where the parties did not raise the specificity or scope of the waiver or include the word "negligence' in the waiver, the courts have denied [the] motions. . . ." Id. See Salvatore v. 5 D's, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 99 0153131 (February 20, 2001, Doherty, J.) (28 Conn.L.Rptr. 714); Connors v. Reel Ice, Inc., Superior Court, judicial district of Hartford, Docket No. CV 0579993 (July 24, 2000, Wagner, J.) (27 Conn.L.Rptr. 610, 611); Bashura v. Strategy Plus, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 95 0050871 (November 20, 1997, Corradino, J.) (21 Conn.L.Rptr. 59).
In the present case, the defendant's waiver form does not contain specific language alerting patrons like the plaintiff that the waiver releases the defendant from claims for injuries caused by its own negligence. Based on the reasoning of the courts noted above; see, e.g.,Smith v. Connecticut Racquetball Club, supra, Superior Court, Docket No. CV 97 0342983; the waiver does not impair the plaintiffs right to sue the defendant. The plaintiffs motion to strike the defendant's second special CT Page 15821 defense of pre-accident execution of a waiver and release is granted.
The defendant's third special defense alleges that the plaintiffs "injuries and damages were proximately caused by the plaintiffs contractual assumption of the risk." The plaintiff moves to strike the third special defense on the ground that assumption of the risk is not a valid defense in Connecticut as to negligence. The plaintiff argues that the defendant has not sufficiently pled its claim in this defense since it is unclear on what it is basing its claim of assumption of the risk. The plaintiff argues further that assumption of the risk based on the release from liability is invalid as to negligence and against public policy and, further, that General Statutes § 29-212, which is inapplicable to the plaintiff as a snow tuber, could not form the basis of a contractual assumption of the risk claim.
The defendant counters that contractual assumption of risk is a legally sufficient special defense that is still available in Connecticut in particular cases. The defendant further argues that the legislature through the enactment of General Statutes § 29-212 has made assumption of the risk a defense.
"The defense of assumption of the risk is applicable when a person knows or as a reasonable person should know that in pursuing a certain course he will expose himself to the risk of injury, comprehends or ought as a reasonable person to comprehend the nature and extent of the risk and voluntarily subjects himself to it. . . . The effect of a successful assumption of risk defense is to bar the plaintiff from any recovery." (Citation omitted; internal quotation marks omitted.) Passini v. Decker,39 Conn. Sup. 20, 26, 467 A.2d 442 (1983).
Although "[t]he defense of assumption of risk has been statutorily abolished in all negligence actions"; Sanders v. Officers Club ofConnecticut, Inc., 196 Conn. 341, 353 n. 8, 493 A.2d 184 (1985); see also General Statutes § 52-572h[1]; the defense is still available in "Connecticut in particular cases. "The first sentence of § 29-212
appears to make the defense of assumption of risk available to a ski operator defendant, unless the injury was caused by negligent operation of the ski area." Everett v. White Water Mountain Resorts of Connecticut,Inc., Superior Court, judicial district of Hartford, Docket No. CV 99 0589207 (September 17, 1999, Booth, J.).
Notwithstanding the defense available under General Statutes §29-212, as previously noted that statutedoes not apply in the present case because the plaintiff was a snow tuber, not a skier. Since no particular statute addresses assumption of risk for snow tubers like the CT Page 15822 plaintiff, the rule in General Statutes § 52-572h (1) must control. In addition, the defendant has failed to plead a legally sufficient special defense of assumption of the risk in light of the case law previously cited holding waivers and releases from liability invalid and against public policy unless specific language regarding the defendant's own negligence is used. The plaintiffs motion to strike the defendant's third special defense is granted on the ground that it is not a legally sufficient defense to the plaintiffs cause of action in negligence.
For the reasons set forth, the plaintiffs motion to strike the defendant's first, second and third special defenses is granted.
 ___________________ Howard F. Zoarski Judge Trial Referee